HON. JAMES G. DAY, CHIEF JUSTICE.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS, ⎱ JUDGES.

---

St. Louis Type Foundry v. Medes.

1. **Appeal from Justice's Court:** AMENDMENT OF ANSWER IN CIRCUIT COURT. On an appeal from a justice's court, it was not error for the Circuit Court to allow an answer to be so amended as to set up a defense of payment not pleaded before the justice—payment being neither a new demand nor a counter-claim, in contemplation of section 3591 of the Code.

*Appeal from Lee Circuit Court.*

TUESDAY, APRIL 3.

ACTION before a justice of the peace on an account. The defendant pleaded "that he is in no manner indebted to the

plaintiff, but, on the contrary, plaintiff is indebted to him." Judgment for the defendant, and the plaintiff appealed to the Circuit Court, where judgment was rendered against him, and he appeals.

*W. D. Patterson*, for appellant.

*Craig, Collier & Craig*, for appellee.

SEEVERS, J.—In the Circuit Court the defendant was permitted to file an amended answer, stating that "the balance of account sued on has been paid in full. That defendant paid on said account the several sums of money, and, at request of said plaintiff, furnished to said plaintiff the merchandize and the advertising and insurance at the dates set out in the bill of particulars of the same hereto attached and made a part hereof."

The question we are required to determine is thus certified by the circuit judge: "The court allowed the defendant to amend his answer, and set out what plaintiff claimed to be a new demand or counter-claim which was not plead in the justice of the peace court. * * Said amendment allowed on the grounds that same was plead as payment."

The statute provides: "No new demand or counter-claim can be introduced into a case after it comes into the Circuit Court, unless by mutual consent." Code, § 3591.

It is, to say the least, discretionary with the Circuit Court to allow an amendment to the answer in a case appealed to that court from a justice of the peace, provided no new demand or counter-claim is therein pleaded. No abuse of the discretion reposed in the Circuit Court is claimed.

Payment is a defense, but it is neither a new demand or counter-claim. The court held the matter set up in the amendment to the answer was pleaded as payment, and this we think is so. The court, therefore, did not err in allowing the amendment to be filed.

Whether the matters so set up and as pleaded could be es-
tablished as a payment, is a very different question, which is
not before us.

AFFIRMED.