Minnie Boos, Appellant, v. Alfred Dulin.

**Pleading:** VERIFICATION. An amendment of the answer in an action to recover the possession of real property from a tenant, alleging a reduction of the rent because of a mistake as to the acreage, upon which no affirmative relief is asked, does not introduce a new and distinct cause of action or counter-claim, within Code

1873, section 2680, authorizing courts to permit unverified amendments to pleadings unless a new and distinct cause of action or counter-claim is thereby introduced.

Same: *Appeal from justice.* An answer in an action commenced in a justice's court to recover the possession of leased property from a tenant, may be amended in the district court after an appeal from the justice's court, by setting up facts showing a payment of the rent, under Code 1873, section 3591, permitting amendments in the district court in cases appealed from the justice's court, where they do not set up any new demand or counter-claim; and such an amendment may be filed at any time before trial in district court begins.

Statute of Frauds: parol variance. The rule that a written contract cannot be varied by parol relates to oral agreements made prior to or contemporaneous with the writing, and is not violated by proof that, subsequent to the execution of a written lease, the lessor orally agreed to accept a smaller rent than that stipulated for therein.

Appeal: forcible entry: *Abandonment by tenant.* The supreme court will not undertake to set out and discuss alleged errors which, at most, are merely technical, and do not affect any substantial right of the parties, where the only practical effect its decision can have is to determine who is liable for the costs.

*Appeal from Pottawattamie District Court, at Avoca.—* Hon. Walter I. Smith, Judge.

Tuesday, October 19, 1897.

Action to obtain the possession of real property which had been leased to the defendant, and of which he is alleged to hold wrongful possession after the termination of his lease. There was a trial by jury, a verdict of not guilty, and a judgment in favor of the defendant for costs. The plaintiff appeals.—*Affirmed.*

*C. H. Converse* for appellant.

*Barton & Van Slyke* and *Benjamin & Preston* for appellee.

Robinson, J.—In November, 1889, the parties to this action entered into a written agreement by which the plaintiff leased to the defendant, for a term of three years from the first day of March, 1890, a farm containing one hundred and thirty acres of land.

The stipulation of the lease in regard to the payment of rent is as follows: "At the annual rent of three dollars per acre for fifty acres, to be paid as follows, to-wit: First payment of fifty dollars payable March 1, 1890, the same annually for the term of three years; one hundred dollars payable January 1, 1891, each year, according to this lease; fifty acres to give fifteen bushels of corn per acre each year, being seven hundred and fifty bushels, to be delivered in Hancock, shelled, and to be delivered at option of first party; the balance, thirty acres, to be sowed, eight acres to wheat, eight to oats, and fourteen to barley, each year. Said second party is to give for rent one-third of same each year, to be delivered to granaries of first party. Also, first party reserves one-half of the straw delivered at her stable and sheds." The lease also contained a provision as follows: "And it is further agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, it shall then be lawful for the said party of the first part (Minnie Boos) to re-enter the said premises, or to distrain for such rent; or she may recover possession thereof by action of forcible entry and detainer, notwithstanding the provisions of section 3612 of the Code." The defendant took possession of the leased premises. On the eighth day of March, 1892, the plaintiff filed in justice's court a petition, in which she alleged that the defendant had violated the terms of the lease, in that he had failed to deliver the grain and straw, and pay the rent, as required by the lease. She asked judgment for the immediate possession of the leased premises, and for

costs. The defendant filed an answer, which contained a general denial, and alleged that the action was barred because he had been in peaceable possession of the premises, with the knowledge of the plaintiff, more than thirty days after the alleged violation of the terms of the lease. The answer further alleged a tender of fifty dollars in payment of the rent due March 1, 1892, and a payment thereof into court. The plaintiff filed a reply, which denied the sufficiency of the alleged tender, and averred that no tender had been made. There was a trial in justice's court, and judgment in favor of the plaintiff. The defendant perfected an appeal to the district court, and there filed an amendment to his answer, in which he alleged that the plaintiff agreed with the defendant to accept seven hundred and five bushels of corn each year in lieu of the quantity specified in the lease, for the reason that a mistake had been made in the lease in regard to the corn land, which contained three acres less than the number specified in the lease. The plaintiff filed a motion to strike the amendment, which was overruled. The plaintiff thereupon filed a reply. Thereafter the defendant filed an additional amendment to his answer, in which he alleged that, while he was in possession under the lease, the plaintiff informed him that all crops grown on the leased premises should be hauled to the elevators in Hancock, at least enough thereof to pay rent, and that the managers of the elevators should withhold a sufficient amount of the corn crop or of the proceeds thereof to pay the rent; that, by virtue of that arrangement, C. C. Smith, manager of one of the elevators at Hancock, and W. J. Martin, manager of the other, became the agents of the plaintiff to receive the rent that might become due; that, by virtue of that arrangement, the defendant hauled to the elevator managed by Smith sufficient grain for the payment of the fifty dollars which became due March 1, 1892, and that sum was

deposited with Smith, as the agent of the plaintiff, before that date, and remained in his possession, subject to her order, until the day of the trial in justice's court, when it was paid by Smith to the justice. A motion to strike that amendment was overruled, and the plaintiff then filed a reply in the nature of a general denial, and a trial was had, with the result already stated. This cause has been submitted twice for our consideration. On the first submission we inadvertently treated as a part of the record an additional abstract which had been stricken from the files. When that fact was called to our attention, after an opinion had been filed, a re-hearing was granted, and the case is again submitted for our determination.

I. The motion to strike the first amendment to the answer filed in the district court was based upon two grounds, the first of which was that the amendment was not verified; and in the present condition of the record that appears to be true, and it also appears to be true that the petition was verified. But section 2680 of the Code of 1873 authorizes courts to permit unverified amendments to pleadings "unless a new and distinct cause of action or counterclaim is thereby introduced." The amendment in question did not introduce a new and distinct cause of action, nor a counter-claim, and was therefore permissible. It is also urged that the motion should have been sustained because the amendment introduced a defense not set up in justice's court, and because the matter pleaded was within the statute of frauds. Neither of these grounds was referred to in the motion, nor otherwise presented in the district court. It is further urged in support of the motion that the amendment sought "to change by parol evidence the terms of a written contract." The language of the amendment justifies the inference that the alleged agreement to accept seven hundred and five bushels of corn in lieu of the seven

hundred and fifty bushels provided for by the lease was entered into some time after the lease was made; and therefore it is not within the rule in regard to varying a written contract by proving a parol contemporaneous agreement which the plaintiff seeks to invoke. We conclude that the motion to strike the first amendment was properly overruled.

II. It is insisted that the district court erred in overruling the motion to strike the second amendment to the answer. The ground of that motion was that the amendment was filed too late, and that the matters therein alleged were immaterial and incompetent. The cases of *Dicks v. Hatch,* 10 Iowa, 380, and *Hollen v. Davis,* 59 Iowa, 444, are relied upon to sustain the claim that the matters set out in the second amendment could not be rightfully pleaded for the first time in the district court. Neither case is in point. Amendments which do not set up any new demand or counter-claim are allowable in the district court in cases appealed from justice's court. Code 1873, section 3591; *Type Foundry v. Medes,* 60 Iowa, 525. The amendment in question did not set up any demand or counter-claim, and was authorized by the section cited. The trial of the cause had not been commenced when the amendment was filed; hence it was not too late, and was properly permitted to remain on file.

III. The appellant complains of rulings of the district court in regard to the admission of evidence, and of portions of the charge given. We have examined the matters of which complaint is made, but do not find any error which could have prejudiced the plaintiff. It is evident that there is no substantial merit in this appeal. If the defendant failed in any respect to comply with the terms of his lease, the failure was little more than nominal; and on or about the middle of March, 1892, a few days only after

the time fixed by the plaintiff for him to surrender the premises, he left them, and the plaintiff, by herself or tenant, has occupied them since that time. Hence the only practical effect our decision can have in this case is to determine who is liable for the costs. Under these circumstances, we cannot undertake to set out and discuss alleged errors which, at most, are merely technical, and do not affect any substantial right of the parties. It is sufficient to say that we do not find any reason for disturbing the judgment of the district court, and it is AFFIRMED.