WELDON INDEPENDENT SCHOOL DISTRICT OF DECATUR COUNTY V. SHELBY INDEPENDENT SCHOOL DISTRICT OF CLARKE COUNTY, Appellant.

**Tuition in Foreign School District:** HOME DISTRICT IS LIABLE FOR EXPENSE OF.  Children living in a school district in one county, but not within one and one-half miles of the school house, attended school in an adjoining district in another county, and the officers of the former district knew of such facts, and that the latter district was demanding payment therefor.  After the children quit such school the officers of the former district agreed to pay their tuition.  *Held*, that the latter district should recover the expense of such tuition from the former, since every district is bound to provide school facilities for the children thereof, and McClain's Code, section 2912, providing that children residing in one school district may attend school in another on such terms as the directors of the districts may agree, recognizes the right to make such arrangement by contract.

SUIT TO RECOVER:  *Evidence.*  An agreebent and settlement by one school district with another to pay for the tuition of children of the former attending school in the latter, which was made after such attendance had ceased, is competent in an action by the latter to recover the price of the tuition from the former.

*Appeal from Clarke District Court.*—HON. H. M. TOWNER, Judge.

FRIDAY, APRIL 12, 1901.

ACTION at law to recover for schooling furnished children residing in the defendant district. Trial to the court, and judgment for plaintiff. The defendant appeals.—*Affirmed.*

*Temple, Hardinger & Temple* for appellant.

*McIntire Bros.* for appellee.

SHERWIN, J.—The plaintiff and the defendant are adjoining districts, but in different counties. During the school years 1893-94, 1894-95, and 1895-96 certain children residing in the defendant district attended plaintiff's school. These children all lived more than 1½ miles from defendant's school. At the end of each school year the defendant was notified in writing of the attendance of children for the preceding year, and requested to pay for the average tuition of such children per week or month. No affirmative action was taken in the matter by the defendant until at a later time, and no objection was ever made to the action of plaintiff in permitting these pupils to attend school in its district. In September, 1896, the plaintiff appointed its president a committee to settle with the defendant for the tuition of the scholars who had been attending plaintiff's school for the three preceding years, and on the twenty-third of September the defendant, by action of its board of directors, allowed plaintiff's claim in the sum of $103.97, and subsequent thereto a warrant was drawn for said amount in favor of the plaintiff. It is contended by the defendant that the evidence does not justify the judgment rendered against it. There is no question as to the amount or value of the tuition furnished by plaintiff, but it is said that no act of the defendant has fixed its liability therefore. Section 2912 of McClain's Code provides that "children residing in one district may attend school in another * * * on such terms as may be agreed upon by the respective board of directors." This provision is

regardless of the distance of children from the school in their own district, and regardless of the obstacles or conditions provided for in section 2916 following. No express agreement is shown under this statute, but the defendant knew all of the time that its children were attending school in the plaintiff district, and not only did not object thereto, but afterwards agreed to pay plaintiff's charge therefor. The defendant was bound under the law to provide a school for its pupils. The statute in question recognizes a different arrangement as a proper subject of contract and agreement, and if the defendant may have incurred liability for the tuition of its school children by agreement with the plaintiff, why is not its act of settlement and subsequent agreement to pay as valid and binding as would be that of a private individual under like circumstances? We see no reason why it should not be so, and think the evidence fully justified the judgment. It was competent to show this settlement and agreement, and we discover no error in the rulings of the court thereon. The judgment is AFFIRMED.