E. A. RICHARDS, Appellee, v. SCHOOL TOWNSHIP OF JACK-SON, CALHOUN COUNTY, Appellant.

**School districts:** VOIDABLE CONTRACTS: RATIFICATION. The contract
1  of a school township for the purchase of supplies, though void-able because executed by members of the board acting independently may be ratified; and the acceptance and use of the supplies with knowledge of all the facts, or a vote of the directors in regular meeting to accept and pay for the same will amount to ratification, although at a prior meeting the board refused acceptance.

**Same:** PUBLIC POLICY. A contract for the purchase of school sup-
2  plies executed by members of the school board acting independently is not so contrary to public policy as to be incapable of ratification.

**Voidable contracts.** A contract procured by fraud is not void but
3  voidable.

*Appeal from Calhoun District Court.*— HON. F. M. POWERS, Judge.

SATURDAY, DECEMBER 15, 1906.

ACTION upon a contract for the purchase price of certain school supplies, to wit, Kennedy's Mathematical Blocks. Defendant denied liability, pleaded fraud and collusion in the giving of the order, and some other defenses which may be noticed in the body of the opinion. At the conclusion of the evidence, the trial court directed a verdict for plaintiff, and defendant appeals.— *Affirmed.*

*M. R. McCrary* and *Brown McCrary,* for appellant.

*E. C. Stevenson,* for appellee.

DEEMER, J.— In October of the year 1898, one D. T. Blodgett obtained from certain members of defendant district the following order:

State of Iowa, October 24, 1898.    We, the undersigned members of the school board of district township of Jackson, in the county of Calhoun, do hereby contract for nine sets of Kennedy's Mathematical Blocks, provided a majority of said board sign this agreement, for which we agree to pay D. T. Blodgett, or agent, the sum of twenty-five ($25.00) dollars a set.

We hereby authorize the officers of said board to issue a warrant for the same, payable twelve months after date without interest.    [Signed] S. M. Clements, G. Packard.

For my name it must be made payable two years after date.    W. S. Chambers, Joe Oxenford, John Wingerson.

The parties signing this paper were five of the nine directors of defendant township.    Pursuant to the order the blocks were delivered in October or November of the year

1. SCHOOL DISTRICTS: voidable contracts: ratification.

1898 and distributed to the nine schoolhouses in the township, where they were used without objection and never tendered back until during the trial of this case in March of the year 1905.    Several of the members of the board who signed this contract testified that they understood it to be simply a statement for the purpose of securing a majority to call a meeting of the board to which the proposition was to be submitted. On November 6, 1898, the school board had a special meeting, and thereat the following proceedings were had: " Moved by Kelly and seconded by Campbell that the treasurer be instructed not to pay order issued to D. T. Blodgett for Mathematical Blocks, said order being issued illegally, and null and void, said order was dated October 26. Amount, $225.00 payable on or before two years after date with interest at 6 per cent. after one year.    Carried unanimously, nine votes.    On motion board refused to accept the set of Kennedy's Mathematical Blocks.    Carried unanimously."    Thereafter, and on January 7, 1899, another

meeting was held at which the following proceedings were had: " Jackson Township, Cottonwood Schoolhouse, January 7th, 1899. Board met pursuant to call of president, members present, all nine members present. Motion made and seconded that the action of the board at a special meeting held Nov. 6th, 1898, in which the board instructed treasurer not to pay warrants issued to pay for mathematical blocks and refusing to accept the blocks be, and hereby is, rescinded, and board agrees to accept blocks and pay for the same. Yeas: J. Oxenford, Wm. Chambers, John Wingerson, S. W. Clements, J. A. C. Taylor. Nays: T. A. Kelly, J. Campbell, H. Dreeszen."

This action is bottomed upon the original contract of October 24, 1898, and the resolution of acceptance of January 7, 1899. As the board had not, in regular session, authorized the purchase of blocks, and had not given the five signers of the contract authority to do so, and as the five signers acted independently of each other and not as a board, the contract or order was not binding upon the defendant, and it can be held liable only because of ratification of the contract through the receipt and retention of the blocks, or by reason of the resolution of January 7, 1899. That there was a ratification in both ways seems too clear for argument. The defendant accepted and used the blocks with full knowledge of all the facts for more than six years before it offered to return them, and it made no offer to return until this suit was brought on for trial. Moreover, at the January, 1899, meeting, all members being present, the board voted to accept the blocks and pay for the same. This resolution was not a new contract, for no price was fixed therein. The vote was to accept the blocks and to pay for the same. Manifestly this had reference to an acceptance under the contract and to payment of the price at which the blocks were sold. In other words it was a ratification of the contract theretofore attempted to be made on behalf of the school district. No proposition was then pending for

the purchase and sale of the blocks.   They had already been delivered and accepted at an agreed price and the question was whether or not the board should ratify or reject the transaction.   It was not the making of a new and independent contract.

But it is argued that the original contract was void and contrary to public policy, and therefore could not be ratified. That question seems to be settled by *Johnson v. School District,* 117 Iowa, 319.   The Johnson case seems to be fortified by authority, and we are not disposed to depart from the rule announced therein.

2. SAME: public policy.

Having found that the action is upon the written contract, defendant's plea of the statute of limitations is without avail.   No fraud is shown in procuring the original contract, but, had there been evidence thereof, it is well settled that a contract procured by fraud is voidable and not void.   *Mills v. Collins,* 67 Iowa, 164, relied upon by appellant, is not in point, as an examination will show.   The contract in suit was not 'so tainted as to prevent its subsequent ratification by the board.   See Johnson case, *supra.   Akron Bank v. School Township* (Iowa), 103 N. W. 968, is also in point upon this proposition.

3. VOIDABLE CONTRACTS.

As the case seems to be ruled by Johnson v. School District, it follows that the motion directing a verdict in plaintiff's favor was correctly sustained, and the judgment must be, and it is, *affirmed.*