JEFFERSON LEATHERS, Appellant, v. FRED GEITZ.

**Contracts:** CONSTRUCTION: RECOVERY. Under a written agreement to deliver fruit trees in the fall of the year in reasonably good condition and to trim, prune and replace them free of charge for five years, taken in connection with a note for the price given upon delivery and containing a stipulation that the seller was to plant the orchard the following spring, when construed together are held to constitute a contract requiring not only the delivery of the trees in the fall, but keeping them alive and planting them in the spring; and, that the planting of dead trees or those in unfit condition to make an orchard was not a compliance with the contract and there could be no recovery.

**Evidence:** COMPETENCY. Evidence of the condition of an orchard in the fall, when based on the fact that the trees failed to leave out during the summer, is competent on the question of their condition in the spring.

**Same.** In a suit to recover on a contract for the purchase of nursery stock, by the terms of which plaintiff was to plant and renew dead trees, evidence that defendant had ordered trees of the agent of another company was immaterial, where there was no showing of any connection between the two concerns and nothing to indicate that the agent was a representative of the company with which defendant dealt.

**Instructions:** DUPLICITY. Instructions are not necessarily erroneous because of duplicity.

**Contracts:** RIGHT OF ACTION. Under a contract in the form of a promissory note containing a stipulation that the payee was to do certain things and upon performance the maker was to give a negotiable note, the payee's right of action, if any, was for damages because of failure to give the new note when rightfully demanded and not on the original note.

**Justice of the peace:** JURISDICTION: APPEAL. Although a promissory note constituting part of a contract confers jurisdiction upon a justice to the extent of $200, still such provision will not authorize the justice to enter judgment for damages in that amount for a breach of the contract; and his want of jurisdiction may be urged on appeal, although there was an appearance and trial before the justice.

**Justice of the peace:** APPEAL: NEW CAUSE OF ACTION. On appeal from a justice a party cannot by amendment set up a different cause of action than that upon which the cause was tried before the justice.

*Appeal from Hamilton District Court.*— HON. J. H. RICHARDS, Judge.

MONDAY, JUNE 10, 1907.

APPEAL by plaintiff from judgment in defendant's favor in an action in which plaintiff, as assignee of the Forest City Nursery Company, sought to recover the sum of $200, with interest, alleged to be due on a promissory note. There was also an appeal by the defendant from a ruling of the lower court refusing to dismiss the action which was brought

by appeal from a justice of the peace, on the ground that the justice had no jurisdiction, and that the case as tried in the district court was a different case than that presented to the justice of the peace. The plaintiff, having first served notice of appeal, will be treated as appellant.— *Affirmed.*

*Wm. Whistler* and *G. D. Thompson,* for appellant.

*J. D. Porter* and *Wesley Martin,* for appellee.

McCLAIN, J.— Although the case was commenced before a justice of the peace to recover judgment for $200 on a promissory note, presumably the same instrument which was introduced in evidence in the district

1. CONTRACTS: construction: recovery.

court, and in which there was a stipulation that a justice of the peace should have jurisdiction of an action thereon, the trial was had in the district court on an amended and substituted petition reciting by way of exhibit an instrument signed by the defendant, in the form of a promissory note dated October 30, 1903, for the absolute payment of the sum of $200 but with an indorsement on the back reciting a stipulation by which the Forest City Nursery Company agreed to plant " said orchard " for defendant during the spring of 1904, and the further stipulation that, " should said nursery company plant said orchard as above stated, then the said Fred Geitz hereby agrees that he will give a negotiable note in lieu of this agreement, due and payable October 30, 1904." It appears that the note and the agreement indorsed on the back thereof were executed at the same time, and as parts of the same transaction, and they are therefore to be construed together. It also appears that there had been a prior written agreement between the Forest City Nursery Company and the defendant for the sale and delivery by the nursery company to the defendant of certain specified fruit trees and evergreens, to be delivered in the fall of 1903, which should be

paid for by defendant on delivery; but attached to this written contract of sale was a stipulation by the nursery company that it would trim, prune, and replace all trees free for five years, and " send in spring to set orchard free of charge, . . . trees to be in reasonably good condition del. day."

We think the court properly construed these contracts, taken together, to require, not only the delivery of certain specified trees in the fall of 1903, but the keeping of these trees alive and the planting them into an orchard in the spring of 1904. The planting of dead trees in the spring of 1904, or of trees in such condition that they would not make an orchard, would not be a compliance with the contract, and, if the orchard as thus planted was substantially worthless, then, as the court instructed the jury, there could be no recovery by the plaintiff.

This view disposes of the numerous assignments of error by appellant as to the introduction of testimony for defendant tending to show that the orchard as planted was of no value as an orchard.

The witnesses testified as to the condition of the orchard in December, 1904, but, as they based their testimony on the fact that a considerable proportion of the trees had not 2. EVIDENCE: leaved out at all during the summer, the facts competency. which they observed at that time tended very strongly to show that when the trees were planted in the spring they were dead, and the evidence that the orchard was worthless in the fall was material as tending to show what its condition had been in the spring.

Complaint is made of the sustaining of objections to questions asked of the defendant as a witness on cross-examination with reference to giving an order to one Shirley to replace some of the trees which were dead. 3. SAME. As there is nothing in the record to indicate that Shirley was the representative of the Forest City Nursery Company or of the plaintiff in this action, nor to suggest that the defendant had any knowledge that the Standard

Nursery Company, which Shirley seems to have in fact represented, was in any way connected with or responsible for the contracts of the Forest City Nursery Company or authorized to carry them out, there was no error in these rulings.

The principal objection to the instructions is that of " duplicity." We are not referred to any authority for the proposition that instructions are necessarily erroneous on account of duplicity. It is said also that they are inconsistent; but a reading of them fails to sustain the criticism. We think they properly presented the issues to the jury, and, as there was evidence to support the verdict, there is no occasion for us to interfere with the judgment.

4. INSTRUCTIONS: duplicity.

In view of the conclusion reached on plaintiff's appeal, the appeal of the defendant from the ruling of the trial judge refusing to strike out the amended and substituted petition filed in the district court and to dismiss the appeal from the justice of the peace in which such petition was filed need not perhaps be noticed. It may be said, however, that in our opinion plaintiff's action was not properly based on the note executed October 30, 1903, in payment for the trees delivered by the Forest City Nursery Company to defendant, but could be maintained, if at all, only for failure to give a negotiable note as stipulated in the contract indorsed on the back thereof, after the orchard had been planted by the nursery company, as agreed, in the spring of 1904. When the so-called note was executed in October, 1903, reciting an obligation to pay on the very date on which the note was executed, there was nothing due under the terms of the agreement to the nursery company. No recovery under the instrument could be had in our opinion until a negotiable note was demanded, after the performance of the stipulation to plant the orchard, and the right of recovery, if any, was for damages for breach of the agreement, and not on the note of October, 1903, in lieu of

5. CONTRACTS: right of action.

which another negotiable note was to be executed. Under this view of the case the appeal should have been dismissed, for the justice of the peace had no jurisdiction.

The suit in the justice's court was for $200 on a promissory note, and assuming a fact which the record does not show, that the instrument sued on before the justice of the peace was the same instrument attached to the amended and substituted petition as the basis of the action, which contained a recital of consent to jurisdiction of a justice of the peace in an action on that instrument, it is plain that such consent would not be effectual to give the justice jurisdiction to recover damages to the extent of $200 for breach of the contract to execute a negotiable note when the contract should be performed. It is well settled that, if the justice of the peace does not have jurisdiction, then, although the defendant appears and proceeds to trial, he may on appeal to the district court urge the want of jurisdiction of the justice. *Baily v. Birkhofer,* 123 Iowa, 59; *Porter v. Welsh,* 117 Iowa, 144; *Erret v. Pritchard,* 121 Iowa, 496.

6. JUSTICE OF THE PEACE: jurisdiction: appeal.

Furthermore, it is well settled that on an appeal from a justice of the peace to the district court, the plaintiff cannot by amended pleadings set up a different cause of action than that on which the suit before the justice of the peace was based. *Boos v. Dulin,* 103 Iowa, 331. We think that the trial court erred in overruling the defendant's motion to strike the amended and substituted petition and dismiss the appeal.

7. JUSTICE OF THE PEACE: appeal: new cause of action.

For the purpose of disposing of the case, it is sufficient to announce our conclusion that the judgment of the trial court called in question by plaintiff's appeal should be, and is, *affirmed.*