HENSLEY, APPELLANT, *v*. CITY OF BUTTE ET AL., RE-
SPONDENTS.

(No. 2,438.)

(Submitted October 10, 1907.  Decided October 21, 1907.)

[92 Pac. 34.]

*Cities and Towns—Improvement Districts—Objections—Manner
of Presentation.*

Cities and Towns—Improvement Districts—Rights of Objectors.

1.  Under the provisions of section 31 of the Act of 1907 (Sess. Laws
1907, p. 219), owners, or agents of owners, of more than one-half in
area of all the property to be affected by a proposed improvement dis-
trict, have the absolute right to appear before the city or town council
at the time and place mentioned in the resolution looking to the creation
of such district, and to be heard in protest, either orally or in writing;
whereupon the contemplated improvement cannot then be made, even
though the objectors assign no reason for their action.

Same—City Council—Powers.

2.  Owners, or agents of owners, representing fifty per cent or less of
all the property affected by a proposed improvement district in a city
or town, may, under section 31 of the Act of 1907 (Sess. Laws 1907,
p. 219), appear before the council and show cause why the improve-
ment should not be made, it being optional, however, with that body
to act favorably or otherwise on such remonstrance. ·

Same—Improvements—Objections—Personal Appearance—City Clerk.

3.  *Held,* that the Act of 1907 (Sess. Laws 1907, p. 219) makes it
obligatory on owners of real property, or agents representing them, to
appear personally, by agent or counsel, before the city or town council
for the purpose of objecting to the creation of an improvement district;
by presenting formal written objections, or by showing cause in any
other suitable manner; that while it is not necessary that each pro-
· testant appear in person, each must be represented, although all may
be represented by one person, and that protests left at the city clerk's
office for presentation are of no avail.

*Appeal from District Court, Silver Bow County; Geo. M.
Bourquin, Judge.*

ACTION by Lavina Hensley against the city of Butte and
another.  From a judgment for defendants, plaintiff appeals.
Affirmed.

*Messrs. McBride & McBride,* and *Mr. James E. Murray,* for Appellant.

"Where the law provides that the particular improvement shall be petitioned for or assented to by a majority, or some other defined proportion, of the parties concerned, such provision is justly regarded as of very great importance, and a failure to observe it will be fatal at any stage of the proceeding." (2 Cooley on Taxation, 3d ed., 1247; *Keese* v. *Denver,* 10 Colo. 112, 15 Pac. 825; *Merritt* v. *City of Kewanee,* 175 Ill. 537, 51 N. E. 867; *Hammond* v. *Leavitt,* 181 Ill. 416, 54 N. E. 982; *City of Carlysle* v. *County of Clinton,* 140 Ill. 512, 30 N. E. 782; *Lindsay* v. *City of Chicago,* 115 Ill. 120, 3 N. E. 443; *City of East St. Louis* v. *Albrect,* 150 Ill. 510, 37 N. E. 934; *City Street Improvement Co.* v. *Babcock,* 123 Cal. 205, 55 Pac. 762; *Pacific Paving Co.* v. *Reynolds,* 130 Cal. 18, 62 Pac. 212.)

"Where the power to pave depends upon the assent or petition of a given number of the proprietors to be affected, this fact of assenting is jurisdictional." (2 Dillon on Municipal Corporations, sec. 800; Brown on Jurisdiction, p. 574, sec. 169a; *Los Angeles Lighting Co.* v. *City of Los Angeles,* 106 Cal. 156, 39 Pac. 535; see, also, *Armstrong* v. *Ogden City,* 12 Utah, 476, 43 Pac. 119, 120; *Zeigler* v. *Hopkins,* 117 U. S. 683, 6 Sup. Ct. 919, 29 L. Ed. 1019; *Mulligan* v. *Smith,* 59 Cal. 229.) The statute should have been considered liberally in favor of the citizen and strictly against the city. (*City Street Improvement Co.* v. *Babcock,* 139 Cal. 690, 73 Pac. 666; *Batty* v. *City of Hastings,* 63 Neb. 26, 88 N. W. 141; *Marion Co.* v. *City of Indianapolis* (Ind. App.), 75 N. E. 834.)

*Mr. L. P. Forestell, Mr. E. S. Booth, Mr. W. E. Carroll, Mr. E. M. Lamb,* and *Mr. I. A. Cohen,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

This action was begun in the district court of Silver Bow county to enjoin the defendants from collecting a certain as-

sessment of taxes made by the city of Butte for the purpose
of paying the costs and expenses of paving certain streets in
that city. The cause was tried to the court sitting without
a jury.

It appears that the city council of Butte passed a resolution
creating and defining the boundaries of improvement district
No. 3, so called, and providing for paving, curbing and con-
structing the necessary catch-basins in the district. Notice was
published in a newspaper, providing that the time for hearing
objections to the final adoption of the resolution should be
March 8, 1899, at the council chamber in the city of Butte,
at the hour of 8 o'clock P. M. The complaint alleges that
on the eighth day of March, 1899, at the council chamber in
the city of Butte, at the hour of 8 o'clock P. M., the owners,
including plaintiff, of property in the said improvement dis-
trict No. 3, to the extent of more than one-half of the area
of the property to be assessed to defray the expenses of the
proposed improvements, objected to the making of said im-
provements, but that, notwithstanding the said objections, the
council finally adopted the resolution and created the improve-
ment district. This court held, on a former appeal (*Hensley*
v. *City of Butte et al.*, 33 Mont. 206, 83 Pac. 481), that the
complaint stated a cause of action for equitable relief by way
of injunction, and remanded the cause to the district court
for further proceedings.

Further proceedings being had in the court below, the record
discloses that upon an issue made by the pleadings as to the
sufficiency of the objections mentioned in the complaint, and
whether they were presented to the council as provided by law,
evidence was introduced to the effect that the objection was
in writing and in words and figures as follows:

"Butte, Montana, March 4th, 1899.
"To the Honorable Mayor and City Council of the City of
    Butte, Montana—
"Gentlemen: The undersigned property owners of Butte,
Montana, hereby respectfully object to and protest against im-

provements contemplated in improvement district No. 3, East Broadway from Wyoming street to Arizona street.

"Yours respectfully,

"Mrs. JULIA WEHRSPAUM,

"By WM. WEHRSPAUM.

"MICHAEL JETTE.

"LAVINA J. HENSLEY.

"LEVI CARTIER.

"J. H. LEYSON,

"Receiver A. J. Davis Estate.

"THE REALTY COMPANY OF MAINE,

"By J. E. RICKARDS CO., Agt.

"Mrs. MARY MacGINNISS,

"By JOHN MacGINNISS, Agt.

"JOHN NOYES,

"By W. McC. WHITE, Agt."

This so-called protest was delivered by the husband of one of the signers, to some one in the office of the city clerk, before the council meeting of March 8th, the person receiving the same declaring that it was sufficient for the purpose intended and would be presented to the council. On the evening of March 8th, at 8 o'clock, several, but not all, of the protestants were present in the council chamber, ready to be heard; but they testify that they were given no opportunity to do so. The so-called "protest" was on the clerk's desk, the mayor personally knew of its existence, but the council gave it no consideration. It appears that one alderman knew that such a paper had been signed, but there is no testimony that any other alderman knew of its existence, or that any member of the council knew that it was on the clerk's desk that night. Sharply at 8 o'clock the council was called to order, the mayor inquired if there were any objections to the resolution, and no one responded. Thereupon the resolution was finally passed, and this action results.

The district court found that the "objections to the improvement contemplated were not made by owners or agents,

combined, representing more than one-half in area of all the property which would be assessed to defray the cost of said improvements," and concluded that the plaintiff was not entitled to any relief. There was some testimony to the effect that the persons whose names were signed to the so-called "objection" did in fact own more than sixty per cent of the property which would be assessed to pay for said improvements. Some of the names subscribed to the paper were placed there by persons purporting to be the agents of the owners, and as to their authority to sign the same there is conflict of evidence.

Section 31 of House Bill No. 204 (Laws 1897, p. 219), authorizing the creation of special improvement districts in cities and towns, reads as follows: "Whenever it is desired to create a special improvement district for the purpose of grading, paving, curbing, macadamizing, constructing sidewalks, sewers, gutters, planting trees, or making any one or more of the improvements herein mentioned or other public improvements of a similar nature as provided in this chapter, and amendments thereof, the payments of assessments for which are to be made in installments, and are to extend over a period of three years, and the cost of which special improvement is to be paid for by special improvement warrants, the council by resolution, [shall] designate the number of such districts, describe the boundaries thereof, and state therein the character of the improvement or improvements which are to be made, an approximate estimate of the cost thereof, and the time when the council will hear objections to its final adoption; such resolution shall be published in a daily newspaper, published in the city or town, for at least five days, or in a weekly paper in one issue, not less than five days before the date set for hearing objections to the final adoption of the same. Any person or persons who are owners or agents of any lot or parcel of land within such improvement district shall have the right to appear at said meeting either in person or by counsel and show cause, if any there be, why the improvements mentioned therein shall not be made; if at such meeting, objections are made to the

making of such improvement, by owners or agents representing more than one-half in area of all the property which would be assessed to defray the cost of said improvement, the improvements shall not be made at that time, and at no time during a period of six months thereafter, but after the expiration of six months, a resolution providing for the same or similar improvements, covering the same territory may be considered after giving the same notice and taking the same proceedings as provided for in the consideration of the original resolution. If the owners or agents of property to the extent herein mentioned fail to make objections, a majority of all the members of the council voting in the affirmative will finally adopt the said resolution.''

As we construe this section, it means that the owners or agents of all or any part of the property to be affected by the creation of the improvement district have an absolute right, at the time and place mentioned in the resolution, to appear before the council and be heard, either orally or by written protest or objection. If owners or agents representing more than one-half in area of all the property to be assessed object to the improvements being made, either orally or in writing, whether they assign any reason for the objection or not, the improvements shall not be made at that time. The owners or agents of fifty per cent or less of the area also have the right to appear and show cause why the improvements should not be made, and the council may or may not heed their objections. If, however, the representatives of more than fifty per cent appear and object, either in person or by agent or counsel, orally or in writing, the city or town council is powerless to proceed further.

Let us assume, for the moment, that these protestants represented more than fifty per cent of the area. Was their objection properly presented to the meeting of the council? We think not. The testimony shows that the protest was left at the city clerk's office, but it does not show that it was left with the clerk. Even though the clerk himself had received

it, we think that would not have been sufficient. Section 4784 of the Political Code defines generally the duties of the clerk. Presentation of protests, objections, or notices to the council seems to be no part of such duties. If there is any special ordinance of the city of Butte making it the duty of the clerk to present this objection, the plaintiff should have produced the same.

The legislature having provided that the council must receive objections and hear the protestants, we are clearly of opinion that a personal appearance must be made before that body by some one representing the owner of the property— either the owner himself, or his agent, or counsel for either. It is not necessary that each protestant should appear personally, but each must be represented, although they may all be represented by one person, if they so elect. Formal written objections may be presented, or cause may be shown in any other manner suited to the occasion. The objection in this case, not having been presented to the council as provided by section 31 of the Act, cannot avail the plaintiff.

There is nothing in the case of *McMillan* v. *City of Butte,* 30 Mont. 220, 76 Pac. 203, cited by appellant, in conflict with the views herein expressed. The court did not decide in that case that a mere filing with the clerk was sufficient.

The authorities cited by appellant's counsel, being cases where the city council is not empowered to act until petitioned to do so by a sufficient number of property owners, are not in point. Our statute gives the city the right to act, unless prevented from so doing by the owners of more than one-half in area of the property to be assessed.

For the reasons stated in this opinion, the judgment of the court below is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.