KENYON-NOBLE LUMBER CO., RESPONDENT, *v.* SCHOOL DISTRICT No. 4, GALLATIN COUNTY, ET AL., APPELLANTS.

(No. 2,719.)

(Submitted November 26, 1909.   Decided December 6, 1909.)

[105 Pac. 551.]

*School Districts—Clerks—Powers—Claims Against District— New Trial—Premature Notice—Waiver—Hearsay Testimony.*

New Trial—Premature Notice—Waiver.

1. *Held,* that where a notice of intention to move for a new trial was served and filed before entry of judgment, the opposing party waived the point that the notice was premature, by stipulating with movant that the latter might have additional time in which to file his bill of exceptions in support of his motion, by thereafter accepting service thereof without objection, and by raising no objection at the argument, other than that there had been delay in calling it up.

School Districts—Clerks—Powers—Claims Against District.

2. A clerk of a school district not having any authority under section 869, Revised Codes, prescribing his duties, to receive orders on his district for the payment of money, and not being a member of the board of trustees (sec. 871), the presentation of such a claim to him was nugatory, and his assurances that the same would be paid did not bind the board.

Same—Claims Against District—Hearsay Testimony.

3. Where a claim was presented to a clerk of a school district, his letter to the claimant, stating that it had been presented to the board for consideration, and that it would be paid, was hearsay, not an official notification, and not binding on the school district; the clerk had never been authorized by the board to make any such statement.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

ACTION by the Kenyon-Noble Lumber Company against School District No. 4 of Gallatin County and others. From a judgment in favor of plaintiff, and from an order denying their motion for a new trial, defendants appeal. Reversed and remanded.

In behalf of Appellants, *Mr. B. B. Law* submitted a brief and argued the cause orally.

*Messrs. Hartman & Hartman* filed a brief in behalf of Respondent. *Mr. Walter Hartman* argued the cause orally.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in this case, a corporation, alleged in its complaint, filed in the district court of Gallatin county, that the individual defendants were trustees of school district No. 4; that one Sharp was employed by the school district to construct a schoolhouse; that the plaintiff furnished him materials, which were used in the construction of the schoolhouse, of the value of $350, for which sum he gave it an order on the school district, which the school district duly accepted and agreed to pay; that, although the school district has on hand sufficient moneys to pay the order, it has since refused to do so. The defendants in their answer denied that they ever accepted the order or agreed to pay the same or any part thereof. In its reply the plaintiff set forth that one Robinson was clerk of the board of trustees of the school district; that the order was presented to the board, and the clerk, by authority of the board, notified plaintiff that the order had been presented to the board, accepted, and would be paid; that plaintiff believed and relied upon the representations of the clerk so made, and but for the same it could have collected the amount in controversy from Sharp, but had now lost the opportunity, alleging an estoppel. The cause was tried to the court sitting without a jury. Findings of fact and conclusions of law were made and filed, and on May 23, 1908, judgment was entered in favor of the plaintiff for the amount demanded by it. On May 12, 1908, eleven days before the entry of judgment, but eight days after the findings and conclusions were filed the defendants served and filed their notice of intention to move for a new trial, specifying therein, as reasons why a new trial should be granted, insufficiency of the evidence to justify the decision of the court, and that the decision is against law. On June 13, both parties being present in court by counsel, on motion of defendants, they were given twenty days' additional time in which to file

their bill of exceptions, and thereafter, on July 3, 1908, by written stipulation signed by both counsel, the defendants were given until July 14 in which to prepare, serve, and file their bill of exceptions. On July 13, 1908, plaintiff's counsel admitted service of the proposed bill of exceptions by copy without objection or qualification; and on July 20 following the court settled the same. On the ninth day of January, 1909, the motion for a new trial came on to be heard, whereupon plaintiff objected to the same being heard "on the ground that the defendant is guilty of laches in delaying its calling up for hearing the said motion." The court overruled the objection; counsel argued the motion, and on January 16, 1909, the same was denied. These appeals are from the judgment and from the order just mentioned.

It is urged in behalf of the respondent that this court has no power to consider appellants' bill of exceptions, for the reason that the notice of intention to move for a new trial was served and filed before the entry of judgment, whereas the statute (section 6796, Revised Codes) declares that such notice of intention must be served within ten days after receiving notice of the entry of judgment. The cases of *Vreeland* v. *Edens*, 35 Mont. 413, 89 Pac. 735, and *Power & Bro., Ltd.*, v. *Turner*, 37 Mont. 521, 97 Pac. 950, are relied on. In the first case this court said: "Since the notice of intention is the basis of the subsequent proceedings on the motion, and it was served out of time, the statement, or statement and bill of exceptions, * * * cannot be considered for any purpose." And in *Power & Bro., Ltd.*, v. *Turner, supra,* it was said: "The giving of the notice was premature, and was not effective as the basis of the motion." But in both of these cases the records disclose that at the time of the service, and at every step of the proceedings thereafter, counsel for respondents reserved their objections, because the service was out of time. In the case at bar the objection is made for the first time in this court. The record shows that the notice was "served and filed the twelfth day of May, 1908." On July 3 the respondent, through its counsel, stipu-

lated in writing that appellants might have until July 14 "to file their bill of exceptions in support of their motion for a new trial." On July 13 service of the proposed bill of exceptions was accepted without objection. On January 9, 1909, respondent urged as its only objection to a hearing on the motion the contention that there had been delay in calling it up; and, upon this objection being overruled, argued the motion and submitted it to the court for decision. At the time the notice of intention was served, the cause had been decided, although judgment had not yet been entered. We think there can be no serious question that the point now urged upon this court was waived by the respondent in the court below. The notice of intention may be waived. (See Hayne on New Trial and Appeal, sec. 14, p. 60.) This author, at page 63 of his work, says: "The proper course for him [the party opposing the motion] is to reserve his objections on account of the delay, in his admission of service of the proposed statement, or before he proposes his amendments." At page 870, 14 Encyclopedia of Pleading and Practice, the rule is thus stated: "When the adverse party fails to object at the hearing of a motion for a new trial that the motion or other proceeding was not taken in time, such party waives his rights, and the motion will be considered as if filed in time." The question is no longer an open one in this state. (*Territory* v. *Rehberg,* 6 Mont. 467, 13 Pac. 132; *Harrigan* v. *Lynch,* 21 Mont. 36, 52 Pac. 642.)

The court made the following findings of fact, among others: "(7) That on the eighth day of December, 1906, said defendant, school district No. 4, duly accepted said order and agreed to pay the same, although refusing at that time to fix a specific date for such payment, but said defendant then and there agreed to pay the same in a short time. (8) That afterward, to-wit, on January 13, 1907, said school district No. 4 again accepted said order and agreed to pay the same to plaintiff when said building was completed. * * * (11) That plaintiff received written assurances from said board, signed by Claude Robinson, its duly authorized clerk, under date of December 8, 1906, and

January 13, 1907, that defendant would pay to plaintiff the amount of $350 sued on in this case, being the amount named in said order, and being the reasonable value of the materials so furnished defendants by plaintiff, and that plaintiff fully relied upon the assurances and promises of defendants that defendants would pay said sum, and, so relying, plaintiff took no further steps nor any steps looking to the collection of said sum or any part thereof from said Sharp.''

The testimony shows that material of the value of $350 was sold by plaintiff to Sharp for the purpose of building the schoolhouse; that on December 2 Sharp gave plaintiff the following order:

''$350.

''Trustees of School District No. 4; J. M. Beck, Chairman, Claude Robinson, Clerk.

''Please draw Kenyon-Noble Lumber Co. a school warrant for $350 on schoolhouse job.

''[Signed]   W. T. SHARP.''

Upon receipt of the order the plaintiff caused it to be sent by mail to Robinson, the clerk, with a demand on him to pay it. On December 8 plaintiff received the following letter:

''Central Park, Mont., 12-8, 1906.

''Kenyon-Noble Lumber Co., Bozeman, Montana.

''Gentlemen: Yours of the 3d inst. containing an order on the school district for $350 received. The matter was presented to the school board for consideration and it was decided to withhold your order for a short time until the work progressed a little more on the building. There are other orders on the district and they will be paid in turn as the directors feel justified in paying them. Should the work continue to go on as at present, you can have the money in a short time.

''Respectfully yours,

''CLAUDE ROBINSON, Clerk.''

About thirty days thereafter plaintiff again wrote to Robinson, asking for the money. This reply was received:

"Central Park, Jan. 13th, 1906.
"The Kenyon-Noble Lumber Co., Bozeman, Montana.

"Gentlemen: Replying to your favor of the 11th inst. in regard your acct. for supplies for our new schoolhouse. Will say the work is at a stand-still and according to their contract they have now passed their time limit. They seem to be in a hurry to complete the building and have made no request for the extension of time. We have no intention of working a hardship on them however, but must insist on a completion of the building before we pay any more on it, since we have paid within a few dollars of what we are to pay up to the time the building is completed. We will not make any more warrants, in their own name until all the supplies are paid for, or until the time limit for the settlement is up. When the building is completed you will get your money but we cannot pay any more now.

"Respectfully yours,

"CLAUDE ROBINSON."

Upon receipt of these letters the plaintiff made no further effort to collect from Sharp, because, as one of its officers testified: "I thought the school district was all right, and I relied on their promise to pay and looked to them, instead of Sharp, for the money." This witness continued: "At the time I sold this lumber I knew where it was to be used. I had an understanding with Mr. Sharp that he was to pay me for the lumber when he got the money from the school district. I did not send the order to the chairman or any member of the board. The two letters in evidence are the only acceptances that I have received from the clerk of the board."

For the defendants, Robert Porter, a member of the school board, testified that he did not during the year 1906 receive any communication from plaintiff concerning an order on the school district given by Sharp; that the order was never presented to the board either at a special or regular meeting; that he never saw the order or the first letter of Robinson before the trial; that the board never authorized the clerk to write either of the letters received by plaintiff.

Charles R. Meece, one of the defendant trustees, testified that the order was never presented to the board to his knowledge, and that he never saw it; that the clerk was never authorized at any meeting attended by the witness to write the letters to plaintiff, or to allow any claim.  On cross-examination this witness testified that the clerk spoke to him about the order one day "downtown," and that he then told the clerk that "we wouldn't pay it."

J. M. Beck, the chairman of the board, testified that he attended most of the meetings of the board in 1906 and 1907; that the board never authorized the payment of the order; that it "never was presented to the board either at a regular or special meeting, to my knowledge, and I never saw it until this morning.  Our board never authorized the writing of either of the clerk's letters.  The board never authorized the paying of any money to the Kenyon-Noble Lumber Company, to my knowledge."

Appellants particularly contend that the evidence is insufficient to justify those findings of the court above quoted, and therefore, the court was not warranted in entering judgment for the plaintiff or in denying a new trial.  We regret that we have not had the benefit of a discussion of this question by the learned counsel for the respondent, either orally or in their brief.  Appellants' contention must be sustained.  There is no evidence whatsoever that the board ever acted upon the order, or that Robinson was authorized to write the letters.  Indeed, the evidence shows that he had no such authority.  So far as the record discloses, the order was never presented to the board or any individual member thereof; so that we need only consider whether the presentation thereof to the clerk had any legal effect.

Section 899, Revised Codes, prescribes generally the duties of a school district clerk.  We do not find there enumerated any duty to receive orders upon the district; neither is any authority conferred to accept orders or give assurances of future payment.  In the absence of such authority, presentation to him

was wholly nugatory (*Hensley* v. *City of Butte,* 36 Mont. 32, 92 Pac. 34), and his acts and assurances in relation to the order did not bind the school district. Section 871, Revised Codes, expressly declares that the clerk shall not be a member of the board.

It is contended by the appellants that the trustees themselves could directly bind the school district only while exercising authority as a board. The following cases seem to bear out this contention, viz.: *Pugh* v. *School District,* 114 Mo. App. 688, 91 S. W. 471; *Honaker* v. *Board of Education,* 42 W. Va. 170, 57 Am. St. Rep. 847, 24 S. E. 544, 32 L. R. A. 413; *Richards* v. *School Township,* 132 Iowa, 612, 109 N. W. 1093. It is not necessary or proper to decide the question, however, for the reason, as aforesaid, that the only person who acted in this instance was the clerk, and even he did not assume to do more than notify the respondent that the matter of the order had been presented to the board, which had decided to withhold payment for a short time, and to assure the respondent that it would eventually receive its money. The statement by the clerk that "the matter was presented to the school board for consideration and it was decided to withhold your order for a short time" was pure hearsay, and not at all binding upon the school district. It was in no sense an official notification, and appears, from the testimony of the trustees themselves, not to have been in accordance with the facts.

The judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.