JOHN WOODS, Appellant, v. SAM WENGER, Appellee.

**Forcible entry and detainer:** AMENDMENT OF PETITION ON APPEAL. It
1 is not permissible to amend the petition in an action for forcible entry and detainer, appealed from the judgment of a justice court, and unite therewith an action for conversion in a sum exceeding the jurisdiction of a justice of the peace.

**Landlord and tenant:** CONFLICTING EVIDENCE: SUBMISSION OF ISSUE.
2 Where a landlord claimed and so testified, in an action for forcible entry and detainer, that the tenant had refused and neglected to divide the crops as provided in the lease, which was denied by the tenant, the conflict was such as to require submission of the issue.

*Appeal from Jones District Court.*—Hon. F. O. Ellison, Judge.

Wednesday, January 14, 1914.

Action of forcible entry and detainer, commenced before a justice of the peace, to recover possession of an eighty-acre farm. There was a verdict for defendant in the justice court, and after trial to a jury in the district court, on appeal, a like verdict was returned. Plaintiff appeals.—*Affirmed.*

*Welch & Welch,* for appellant.

*J. J. Locher* and *E. E. Reed,* for appellee.

Preston, J.—There was a written lease. Plaintiff sought to recover possession of his land, because, as he claims, defendant had violated the terms of the lease, in that he refused and neglected to divide the crops and fruit, failed to stack the hay right, and it spoiled, cut green trees, and hauled the green wood away, permitted weeds to go to seed, broke the pump handle, and in innumerable ways violated the lease.

These matters were denied by defendant, and he says that any alleged violations of the terms of the lease happened more than thirty days before the commencement of this action. He says plaintiff's alleged cause of action is barred by the statute in such cases made and provided; that during the last thirty days preceding the commencement of the action defendant has not violated any of the provisions of the lease. He further says that plaintiff has never made any demand for rent or division of crops, and that within thirty days no demand has been made by plaintiff at the place provided in the lease and the laws of Iowa. He says he has paid all rent, and offered to divide the crop, and that plaintiff's share is now on the place.

After appeal to the district court, plaintiff had leave to

amend his petition, in which he asked damages from defendant in the sum of $385, for money alleged to have been wrongfully received and converted by defendant for timber cut and sold, for money received from a part of the premises sublet by defendant, for damages to hay negligently stacked, and by reason of which it was spoiled, and other items for which he asked judgment, as well as for possession.

Defendant's motion to strike such amendment was sustained, and this is the first error argued.

I. Appellant cites cases in regard to amendments generally, and *Denecke v. Miller,* 142 Iowa, 496. That was not an appeal case from a justice of the peace; but it was brought originally in the superior court as a summary proceeding of ·forcible entry and detainer, and it was held that this was not such an election of remedies as to estop plaintiff from amending his petition and proceeding by the ordinary action to recover possession of realty.

1. FORCIBLE ENTRY AND DETAINER: amendment of petition on appeal.

In the instant case plaintiff did not seek to do this, but, after the case had been appealed, sought by the amendment to recover damages in the forcible entry and detainer case, and in such a sum as that the justice of the peace would not have had any jurisdiction. An entirely new demand was injected into the case by the amendment, without the consent of the other party.

Appellee contends that, because section 4218 of the Code provides that an action of forcible entry and detainer cannot be brought in connection with any other, and section 4563 provides that, on appeal from a justice of the peace, no new demand can be made unless by mutual consent, and that because the amendment was not filed until after the jury had been sworn, and because the trial court has a discretion in the matter of allowing amendments, there was no error in the ruling. In our opinion, under the circumstances, there was no error at this point.

II. By instruction three the court withdrew from the con-

sideration of the jury all matters alleged to have been viola-
tions of the lease, except the question as to
whether or not defendant failed and refused
to divide the crop and produce grown upon
the leased premises, or to turn over to plain-
tiff his share of the crop after plaintiff demanded the same
of defendant.

2. LANDLORD AND
TENANT: con-
flicting evi-
dence: submis-
sion of issue.

The undisputed evidence shows that all other matters
relied upon occurred more than thirty days prior to the com-
mencement of the action, some of them about a year before,
and that defendant had for more than thirty days thereafter
had peaceable possession of the premises. The lease did not
contain any provision as to when or where the crop should be
divided, and the court told the jury that, under such circum-
stances, the division should be made on the leased premises,
and that it was the duty of both parties to be present at some
reasonable time, and attend to the making of a fair division
of said crops or produce between them, and that a demand
for a division by the landlord was necessary. Of this no
complaint is made.

The suit was begun in the justice court February 13,
1912. Appellant claims he made a demand on defendant, for
a division January 27, 1912. This is denied by defendant,
who says that there had been a division of some of the crop,
and that he himself attempted to have a division of the hay
in the fall of 1911. The conflict at this point was for the
jury. The sufficiency of the evidence to sustain the verdict
is not challenged.

Other minor matters are suggested in argument; but it
is doubtful whether appellant has complied with the rules so
as to be entitled to a hearing at all. There is no merit in the
appeal, and the judgment is *Affirmed.*

LADD, C. J., and WEAVER and EVANS, JJ., concur.