J. B. Woods, Appellant, v. Independent School District
of Oto, Appellee.

**APPEAL AND ERROR:** Presumption as to Ruling. The presumption will be indulged that an amendment (which pleaded a ratification of a claim) was overruled, when the appeal record reveals no specific ruling on such amendment, but does reveal a general judgment of dismissal of the action.

**JUSTICES OF THE PEACE:** Amendments Allowable on Appeal. Amendments which do no more than plead an estoppel to deny a claim are allowable on an appeal from a judgment of a justice of the peace on said claim.

**PLEADING:** Unquestioned Pleading. Failure to question the sufficiency of the facts pleaded to constitute a good cause of action, is a conclusive admission of plaintiff's right to recover if he establishes such facts.

**SCHOOLS AND SCHOOL DISTRICTS:** Ratification of Contract. The act of a school board in auditing and allowing a claim for transporting school children to a school, even though in an amount less than claimed, with full knowledge that such transporting had been done without any prior contract with the board, irrevocably ratifies and confirms the act of transporting —places the district in the same position as though it had, through its board, specifically entered into such a contract, prior to the rendition of the services. (Sec. 2774, Code, 1897.)

**MUNICIPAL CORPORATIONS:** Ratification of Unauthorized Acts. Public policy does not prevent a school board from ratifying that which it might have originally authorized.

*Appeal from Woodbury District Court.*—W. G. Sears, Judge.

October 25, 1918.

The question is whether a suit may be maintained by a parent for the reasonable value of transporting his children to a school outside of his own district, the home school being unreasonably distant, without prior arrangement with the school board, and whether plaintiff's claim has

been so ratified as that the defendant is estopped now to deny it.—*Reversed and remanded.*

*E. S. Furgason, T. F. Bevington,* and *Jepson & Stecker,* for appellant.

*J. A. Prichard,* for appellee.

Salinger, J.—I.   Plaintiff brought this suit in justice's court.   His petition alleged that the defendant is an independent district and school corporation under the laws of Iowa; that plaintiff has five children of

1. Appeal and Error: presumption as to ruling.

school age, who live with him, and more than four miles from the schoolhouse in said district; that, to furnish school for them, plaintiff has been compelled to transport them, at his own expense, to and from said outside school for 19 weeks, and that such service is reasonably worth $95, and is due him from the defendant for such transportation.   The defendant answered with a general denial.   The jury in justice court gave plaintiff a verdict for $35, and from judgment thereon, the defendant appealed to the district court.   In the district court, plaintiff filed an amendment to petition, setting forth that he had filed his claim for said transportation with the defendant board; that defendant ratified and approved said claim, and audited and allowed it in the sum of $35, ordering warrant drawn on a proper fund payable to the order of plaintiff; and that, by so auditing and allowing, defendant ratified and approved said claim, and is so estopped from setting up or urging that it is not liable for said transporting.   Upon the filing of this amendment, the defendant moved to strike same, on the ground that it was filed too late, "in that it raised a new issue from any issue pleaded or tried in the justice court."   This motion was never ruled on, in terms. If any presumption is to be indulged in, it must be that it

was overruled, because the judgment of the court was a general one, dismissing the plaintiff's cause of action. This judgment is not necessarily a sustaining of the motion to strike, because there remained the claim of the plaintiff, un-aided by a plea of filing claim and of ratification and estop-pel. The presumption is that the decision was on the mer-its; and, therefore, that the trial court, instead of striking out the amendment, defeated the claim on its merits.

Be that as it may, the amendment was not prohibited by the provision of Section 4563 of the Code, that no new demand or counterclaim can be made upon appeal, unless by mutual consent. The amendment presented

2. JUSTICES OF THE PEACE: amendments al-lowable on ap-peal.

neither a new demand nor a counterclaim. In both courts, the sole demand of the plain-tiff was payment for having transported his children to and from school. Neither a plea that he had filed a claim with the board for such transportation, nor the further plea that defendant was estopped, by conduct, to deny the validity of plaintiff's demand, alleged any such demand or counterclaim. The averment of having filed claim was an assertion that the necessary steps to enforce the original demand had been taken. The plea of ratifica-tion and estoppel was, in effect, an allegation that defend-ant could not rightfully resist the collection of the original demand. In *St. Louis Type Foundry v. Medes,* 60 Iowa 525, and *Boos v. Dulin,* 103 Iowa 331, amendments were held not to violate said statute provision, though the amend-ment might, with much more reason, be asserted to present a new demand or counterclaim than can be done in the case at bar. While, in *Woods v. Wenger,* 163 Iowa 445, 447, the amendment was not allowed, it was because it presented a demand for damages in a sum larger than justices of the peace had jurisdiction to deal with.

II. So we reach the question whether the trial court can be sustained in the decision on the merits. We could

dispose of that question by invoking what we have repeated-
ly held, both as to petitions and answers:
to wit, that, though the one does not state
a cause of action, or the other a defense,
that, if there be no attack upon the plead-
ing, the plaintiff in the one and the defendant in the other
will prevail, if he prove what he has pleaded. See *Lacy v.
Kossuth County,* 106 Iowa 16; *Boyd & Williams v. Watson
& Co.,* 101 Iowa 214, at 222; *Enix v. Iowa Cent. R. Co.,* 114
Iowa 508; *Heiman v. Felder,* 178 Iowa 740. The plaintiff
here did prove every fact alleged by him. He did not plead
that the defendant had authorized him to transport the
children. He based his claim on nothing except the dis-
tance his children lived from school; that he had been com-
pelled to transport them; what that service was reasonably
worth; and that defendant had audited a claim for this
service, and ordered warrant drawn to pay the claim. And
if applying this rule would affirm this case, we should stop
with applying the rule. But if there is to be a reversal, we
should go beyond that, because otherwise nothing will be
effected by the reversal, except to induce an attack upon
the pleadings of the plaintiff on retrial, leaving the retrial
to be proceeded with without determination here of the vital
questions that must arise on retrial.

*3. PLEADING: un-questioned pleading.*

## 2a

Under the authority given by Section 2774 of the Code,
the board could have made a valid contract with this plain-
tiff to transport these children, and have made reasonable
compensation for such service. It may be
conceded that the defendant offered an ar-
rangement providing for a school for plain-
tiff's children other than the school to
which plaintiff took them. It is indisputable that defend-
ant made no advance contract to pay for the transportation

*4. SCHOOLS AND SCHOOL DIS-TRICTS: rati-fication of con-tract.*

in suit. But neither did the defendant in *Weldon Ind. School Dist. v. Shelby Ind. School Dist.,* 113 Iowa 549, make any contract that children in that district should be furnished school facilities in the district of plaintiff. There, as here, the members of the defendant board knew that the service was being rendered. We held, in *Weldon's* case, that, though no original authority was given to furnish school for the children in defendant's district, subsequent agreement to pay therefor was equivalent to original authority.

III. This brings the whole case down to the one question whether auditing and allowing a claim for this transportation is equivalent to original authority to do the transporting at the expense of the defendant. It may be conceded that mere knowledge by the defendant that plaintiff was transporting these children will not make a case for the plaintiff, but such knowledge has bearing on the efficacy of making an allowance for the transportation. In other words, if it be otherwise established that there was a ratification, raising an estoppel, it will not be defeated because the defendant did not know all the facts. It is true that the allowance made was for less than the plaintiff claimed. But, unless it be for another avoidance urged by the appellee, though $100 were claimed for this transportation, the allowance of a single dollar would, of necessity, be an acknowledgment that there was a legal obligation to pay. Since the board could have made that obligation a binding one by original authority, any subsequent act, with knowledge of all the facts, which involves an agreement to pay for this transportation, takes the place of original authority. So, as said, the allowance of a single dollar disposes of the defense that there was no legal obligation to pay for this service. Neither *Queeny v. Higgins,* 136 Iowa 573, nor *Templer v. School Twp.,* 160 Iowa 398, in the least run counter to this holding.

No public policy prohibits the ratification. See *Richards v. School Twp.*, 132 Iowa 612. The only argument attempted is that, since less was allowed than plaintiff claimed, and since he, subsequent to the allowance, brought suit for a sum larger than the allowance, the act of the defendant board amounts to no more than an offer of compromise, which the plaintiff did not accept. One trouble is that nowhere in plea or proof is there the slightest suggestion of the facts upon which this avoidance or argument is based. We conclude that the only question to be determined is, What is the reasonable value of said services?

5. MUNICIPAL CORPORATIONS: ratification of unauthorized acts.

We do not overlook the argument for appellee that, if fathers can take their children to a school other than one arranged for by the school authorities, and collect for their transportation without first having made arrangement with the board, it might create great confusion in school matters, and might be very unpleasant and disadvantageous. That may be a good reason for repudiating the transportation, but is no reason for unsettling elementary rules concerning what will constitute a substitute for original authority.— *Reversed and remanded.*

LADD, GAYNOR, and STEVENS, JJ., concur.

PRESTON, C. J., and EVANS, J., dissent.