SWEENY, Respondent, *v.* MONTANA CENTRAL RAIL-
WAY CO., Appellant.

[Submitted January 22, 1897.  Decided February 1, 1897.]

*Trespass—Release—Pleading—Damages.*

Trespass—*Release—Pleading.*—Plaintiff sued in trespass for damages to real property; the defendant pleaded an agreement of plaintiff to convey to defendant a portion of the property, and a release and discharge as follows: that the plaintiff agreed to "release all damages heretofore caused —— (on the premises) by any act —— of defendant —— as well as all damages that might thereafter be occasioned to any part of the property on account of defendant's use of the part conveyed." Among others the following denials were contained in the replication, "plaintiff denies that under and by virtue of said contract—— or any other contract, he agreed to and did release defendant from damages caused by the acts complained of" and "plaintiff admits that the defendant paid—— for the land conveyed and the ordinary incidental damages to the adjacent land, but not the damages for the trespass complained of in the complaint." *Held,* that an issue as to settlement and discharge was raised.

Same—*Evidence.*— The trespass complained of was the digging of a new channel, which changed the natural course of a stream which ran through plaintiff's land. The trespass was not continuous in its nature, this was admitted by plaintiff. Evidence was admitted tending to prove the difference in the market value of the land before and after the trespass. Subsequently plaintiff introduced evidence of the result of the stream overflowing the new channel subsequent to the original trespass. *Held,* that this evidence was properly admitted for the purpose of showing the difference in the market value of the premises before and after the trespass.

Same—*Damages—Instructions.*—The court charged the jury in instruction No. 5 that the measure of damage was the difference in the market value before and after the trespass; and in instruction No. 9 the court charged the jury that in estimating the damages they might consider the evidence of the overflowing of the stream above referred to, and refused defendant's request to charge that plaintiff could not recover damages for such overflowing. *Held,* that it was error not to limit the effect of the evidence above referred to as requested by defendant, and that instruction No. 9 was misleading in the absence of such limitation.

Same—*Evidence of Plaintiff's Neglect.*—Defendant offered to prove that plaintiff by an expenditure of $100 could have entirely avoided or materially decreased the damages caused by defendant's act; and also requested certain instructions on this theory of the law. *Held,* it was error to refuse the evidence and instructions; *Held,* also, that such refusal is not justified by an argument of counsel for respondent, to the effect that plaintiff could not have avoided the damages—it was for the jury to say from the evidence whether or not this could have been done.

*Appeal from District Court, Cascade County; C. H. Benton, Judge.*

Action by Patrick Sweeny against the Montana Central Railway Company. There was judgment for plaintiff, and defendant appeals. Reversed.

Statement of the case by the justice delivering the opinion.

This is an action to recover damages to real estate. The plaintiff in his complaint alleges that in the year 1891 he was the owner of a certain mining claim called the "Nellie L. Quartz Lode," at Neihart, Meagher county, through which claim Belt creek ran at that time; that on or about the 1st day of November of that year, it is alleged, the defendant wrongfully entered upon said mining claim, and excavated a new channel across the same, into which it diverted the entire waters and current of Belt creek; that such water has since flowed entirely in the new channel; that said new channel was excavated across a valuable part of said mining claim, which part of said claim, it is alleged, was particularly valuable for town lots or building purposes, and also for dumping ground in the working of said mining claim. It is further alleged in the complaint that said Belt creek, being thus caused to run in said new channel excavated by the defendant across said mining claim, overflowed the banks of said channel on the side next to the bluff,—on the southeastern side of said claim,—and destroyed and washed away a large area of land of the plaintiff to wit, 1.87 acres of said mining claim, and that said part of said mining claim was rendered wholly valueless to the plaintiff by such overflowing and washing away of the soil thereof. The plaintiff asked judgment for damages against the defendant. The answer of the defendant admits that the plaintiff was the owner of the tract of land in question, and that defendant entered upon the same, and dug a new channel, into which it diverted the waters of Belt creek, but alleges that said action on its part was with the consent of plaintiff, and denies that any damage resulted therefrom. In addition to this, defendant pleads the statute of limitations as a bar to the action, and further pleads a settlement and discharge of any liability for any damages growing out of the alleged trespass. The replication denies the new matter set up in the answer. The case was tried by the court with a jury, and a verdict rendered for $1,850, upon which judgment was entered. A bill of exceptions was filed and settled, and appeal taken from the judgment by defendant company.

*A. J. Shores*, for Appellant.

*McConnell, Clayberg & Gunn*, for Respondent.

PEMBERTON, C. J.—There are a great many errors assigned in the record.    We will treat those only which counsel for appellant considered sufficiently important and material as to de serve special mention and notice in his oral argument of the case.    Counsel for appellant contends that there was no denial in the replication of the settlement and release pleaded in the answer, and that there was, consequently, no issue to submit to the jury, and that the court erred in admitting any evidence in the case, and in submitting the question of damages to the jury.    This contention is raised in the record by objection to the introduction of evidence, as well as by the motion of appellant for a nonsuit at the close of plaintiff's testimony.    The allegation of settlement and release contained in appellant's answer is as follows :    "That in the month of March, 1892, the said Daniel Condon and this defendant entered into an agreement whereby the said Condon, in consideration of $1,500, to be paid, agreed to convey to this defendant a certain tract of land, particularly described in a deed hereinafter referred to, and release all damages theretofore caused on the Nellie L. lode claim, or any part thereof, by any acts theretofore committed by the defendant, or any of its agents or employes, as well as all damages that might thereafter be occasioned to any part of the said tract of land on account of the use of the tract so to be conveyed to this defendant on its line of railway for railway purposes. "    The language of the reply to this allegation is as follows :    "Admits that a deed was executed by Daniel Condon, who then held the legal title to the Nellie L. lode claim, on the 24th day of March, 1892, to the strip of ground therein described, to the defendant, and he supposes that the copy of the deed set out in the defendant's answer is correct; but denies that there was any other, further, or different agreement or contract in relation to the said tract of land, except what is set out in said deed. "    This is not a specific denial of the allegation of the answer as to the settle-

ment and release, and, if there were no other denials in the replication to this allegation of the answer, the contention of the appellant would have greater force.    But in the replication we find, immediately following the language quoted above, this denial :  "Plaintiff denies that under and by virtue of said contract contained in said deed, or any other contract, that he agreed to and did release the defendant from damages caused by the acts complained of in his complaint."    Paragraph 5 of the replication is as follows :    "Plaintiff admits that the defendant paid to said Condon the sum of $1,500 for the land conveyed and the ordinary incidental damages to the adjacent lands, but not the damages for the taking of other portions of plaintiff's land for a new channel into and through which to flow the waters of Belt creek."    We think, construing the several paragraphs and denials of the replication together, that they fairly and sufficiently constitute a denial of the settlement and release pleaded in the answer, and that, consequently, appellant's assignment of error in this respect is not supported.

The court permitted evidence to be introduced as to the difference in the market value of the land alleged to be damaged before and after the trespass complained of.    Evidence was also permitted to be introduced, on the part of plaintiff, as to the result of overflows and washing away of the soil after the channel was cut through the land, or the trespass committed, in November, 1891, down to October, 1893.    With this evidence admitted over the objection of the appellant, the court instructed the jury as follows :    "The measure of damages is the difference in the market value of said premises, the Nellie L. lode, as they were before they were injured, if injured at all, and the market value of said premises in their damaged condition, if damaged at all."    Instruction No. 5.    The court further instructed the jury as follows :    "The court further instructs you that, in estimating the market value of the premises alleged to have been injured or damaged, you will take into consideration, not only the trespass committed by the cutting of the channel and the turning in of the water, but

also the overflow of the water, and the washing away of the south bank of the channel, and of the soil and ground, if you find that to be true, situated between said channel and the bluff, as described in the complaint.    You will not be confined to the mere damage done by the cutting of the channel, and the turning in of the water, but you will also embrace in your consideration the consequential injuries or damage by the overflow of the waters, if any such occurred.''    Instruction No. 9.    For the purpose of fixing the measure of damages, and confining the inquiry of the jury to the difference between the market value of the land before and after the trespass complained of, the appellant requested the court to instruct the jury as follows :    ''There has been some evidence in the case tending to show damages done to the strip of ground between the new channel and the bluff between the years 1892 and 1893.    I instruct you that the plaintiff is not entitled to recover on account of any damages done to that strip of land either in the year 1892 or 1893.''    This instruction the court refused to give.    The appellant contends that the action of the court in this respect was error.    It is conceded that the trespass complained of was a completed trespass, and not a continuous one; that is, that the sole liability of the defendant company was determined and fixed by the trespass which wrought the difference in the market value of the land before and after its commission, in November, 1891.    Instruction No. 5, quoted above, was given upon this theory.    The appellant contends that, by giving instruction No. 9 at the instance of plaintiff and refusing the instruction asked by appellant as shown above, the court permitted the jury to render a verdict, not only for the difference in the market value of the land before and after the trespass complained of, but also for injuries to the land caused by overflows up to October, 1893. While we think it was not error to permit evidence to be introduced as to the overflows and washing away of the land after the date of the trespass complained of, for the purpose of showing the difference in the market value of the land before and after the trespass, it was error in the court not to

limit the evidence to that purpose, as requested by the instruction which the court refused. Instruction No. 9, we think, was misleading to the jury, and prejudicial to the appellant, without the limitation sought to be given to the evidence by appellant's instruction, which was refused by the court.

At the trial the appellant offered evidence to show that the plaintiff, by the expenditure of $100 in riprapping the bank of the new channel next to the bluff on the land in question, could have avoided entirely, or materially diminished, the damages to the mining claim. Appellant also offered instructions upon this theory of the law. The court excluded this evidence, and refused to give the instructions requested by appellant. Appellant assigns this action of the court as error. Counsel for the plaintiff in his brief says: "We recognize the principle of law that, where a trespass has been committed, it is the duty of the party complaining of the trespass to do what he reasonably can to prevent an increase of injury, and that this must, under ordinary circumstances, be taken into consideration in estimating the damages." But counsel for respondent says that the respondent could not, by riprapping the bank of the new channel next to the bluff on his own claim, prevent the overflow thereof and damages thereto, for the reason, as they contend, that the channel began to overflow the bottom land before it reached the line of respondent's claim, and that he could not riprap the channel on the land adjoining his, through which the channel ran, without being a trespasser. If the evidence offered by the appellant had been admitted, it might have been proper for respondent to support this theory by proper evidence in rebuttal. But we think it hardly sound to say the appellant ought not to be heard to complain because he could not have proved his contention if the court had not excluded his evidence. We think the court erred in excluding the evidence offered by the appellant, and in refusing the instructions, as contended by appellant under this assignment. The following authorities fully discuss, and, we think, determine, this question in accordance with the views expressed above. (1 Sedg. Meas. Dam. (7th

Ed.) top page 164, and authorities cited in notes; 1 Suth. on Damages, pages 414–416, and authorities cited; *Loker* v. *Damon*, 17 Pick. 284.)

Appellant contends that the court erred in not permitting it to amend its answer during the trial to conform to the proof, which, it contends, showed Condon to be a real party plaintiff in interest. As the case must go back for new trial, the amendment can there be made, if appellant so desires, and we are thus relieved of the necessity of treating this assignment. The plea of the statute of limitations set up in the answer was abandoned on the trial. We have considered and treated all the errors assigned which we consider material. The judgment appealed from is reversed, and the cause remanded for new trial.

*Reversed.*

HUNT and BUCK, JJ., concur.