Bacon vs. City of Antigo.

===========

BACON, Appellant, vs. CITY OF ANTIGO, Respondent.

*April 5 — April 25, 1899.*

*Municipal corporations: Antigo city charter: Presentation of claim to council.*

The provision of sec. 139, ch. 197, Laws of 1889, that no action in tort shall lie or be maintained against the city of Antigo, "unless a statement in writing  ↖  ↘  .  shall be presented to the common council within sixty days after the occurring or happening of the tort alleged," is satisfied by the filing of such statement with the city clerk within the prescribed time.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

The cause was submitted for the appellant on the brief of *W. F. White,* attorney, and *Webster & Classon,* of counsel, and for the respondent on that of *Max Hoffman.*

WINSLOW, J. The plaintiff brought action against the city for personal injuries suffered on account of a defective sidewalk upon a street in the defendant city, and alleged service of a notice of the injury by filing the same with the city clerk, for presentation to the city council, within sixty days after the injury. Upon the trial, a general demurrer *ore tenus* to the complaint was sustained, on the ground that the complaint did not allege the presentation of the claim to the common council.

Bacon vs. City of Antigo.

The charter of the city provides (Laws of 1889, ch. 197, sec. 139) that no action in tort shall lie or be maintained against the city, "unless a statement in writing signed by the person injured or claiming to be injured, of the wrong and circumstances thereof, and the amount of damages claimed shall be presented to the common council within sixty days after the occurring or happening of the tort alleged."

The trial court held that filing the claim with the city clerk for presentation to the council did not satisfy this provision. This holding was, we think, erroneous. The city clerk is the custodian of all the papers and records of the city, and required to attend all meetings of the council, and keep a correct record of its proceedings. Sec. 58, ch. 197, Laws of 1889. It is his manifest duty to place before the council all claims of the nature of the one before us which are filed with him for presentation to the council. There is no other orderly way in which a claimant can make sure of presentation of his claim to the council. If he must wait until a meeting of the council is held and present it in open meeting, he might be denied an opportunity to present it at all, by mere failure of the council to meet; and he might also be denied the full sixty days' time which the statute gives him in which to present it. This view is in accord with the construction given to similar provisions of statute in the cases of *Parish v. Eden*, 62 Wis. 272, and *Mason v. Ashland*, 98 Wis. 540, although at variance with the holding in *Hiner v. Fond du Lac*, 71 Wis. 74, which latter case must be considered as overruled upon this question.

*By the Court.*— Judgment reversed, and action remanded for a new trial.