TIGGERMAN, Respondent, v. CITY OF BUTTE, Appellant.

(No. 3,038.)

(Submitted November 1, 1911.   Decided November 20, 1911.)

[119 Pac. 477.]

*Cities and Towns—Personal Injuries—Defective Sidewalks—
Notice to Municipality—Mitigation of Damages—Duty of
Plaintiff—Instructions.*

Cities and Towns—Personal Injuries—Defective Sidewalks—Notice—Sufficiency.
  1.  The provision of section 3289, Revised Codes, that "the city or town council, or trustee, or other governing body of such city or town" must be given notice of an injury alleged to have been sustained on account of a defect in a street, sidewalk, *etc.,* within sixty days after its occurrence, was met by filing the notice with the city clerk.

Same—Personal Injuries—Mitigation of Damages—Duty of Plaintiff.
  2.  One who through the negligence of another has suffered a personal injury must use reasonable diligence to effect a cure and thus seek to minimize the resulting damages; otherwise there cannot be any recovery for those damages which might have been avoided by the exercise of such care.

Same—Mitigation of Damages—Neglect of Plaintiff—Instructions.
  3.  Where plaintiff failed to call a physician for twelve days after receiving injuries, consisting of a sprained ankle and a bruised and lacerated leg, with the result that blood-poisoning developed and the pain increased in severity, it was error to refuse to give an instruction embodying the rule declared in paragraph 2 above.

Same—Instructions—Refusal—When Error.
  4.  The rule that error cannot be predicated upon the refusal of the trial court to correct an erroneous instruction tendered and give it as corrected does not warrant the refusal of a correct instruction, on the ground that the language employed is not the most precise and refined English; if the words used be such as not to be likely to be misunderstood by a reasonably intelligent jury, refusal to give it is error.

Same—Mitigation of Damages—Instructions.
  5.  The offered instruction referred to in paragraph 3 above was not rendered defective by the use of the word "all," in announcing that it was the duty of plaintiff to use "*all* reasonable care and precaution to minimize the damages" incident to her injuries.  Its presence *held* not to have added anything to the instruction or imposed a greater burden upon plaintiff than is warranted by law.

*Appeal from District Court, Silver Bow County; Michael Don-
lan, Judge.*

Action by Ella S. Tiggerman against the City of Butte. From a judgment for plaintiff and an order denying a motion for a new trial, defendant appeals.   Reversed and remanded.

*Messrs. H. Lowndes Maury, John A. Smith,* and *N. A. Rotering,* submitted a brief in behalf of Appellant; oral argument by *Mr. Rotering.*

Section 3289, Revised Codes, provides that notice of an injury must be given to the city council, and does not provide that the notice may be left or filed with the city clerk, or any other city officer. It was insufficient. (*City of Ft. Worth* v. *Shero,* 16 Tex. Civ. App. 487, 41 S. W. 704; *City of Denver* v. *Saulcey,* 5 Colo. App. 420, 38 Pac. 1098; *Huntington* v. *City of Calias,* 105 Me. 144, 73 Atl. 829; *MacMullen* v. *City of Middletown,* 187 N. Y. 37, 79 N. E. 863, 11 L. R. A., n. s., 391; *Doresy* v. *City of Racine,* 60 Wis. 292, 18 N. W. 928.) The notice coming to the council seventy days after the injury was received by the plaintiff was late, and therefore the limitation of sixty days had passed and the plaintiff had lost her right to sue the city of Butte. (*Hay* v. *Baraboo,* 127 Wis. 1, 115 Am. St. Rep. 977, 105 N. W. 654, 3 L. R. A., n. s., 84.) It has been held that reception of the notice of injuries by an alleged defect in a city street, by city officials, its subsequent reference to the claims committee, and an alleged hearing thereon, at which plaintiff was interrogated as to the time, place and circumstances of the accident, did not constitute a waiver by the city of any irregularities in the notice. (*Forsyth* v. *City of Oswego,* 191 N. Y. 441, 123 Am. St. Rep. 605, 84 N. E. 392.) In order to rely upon a waiver it must be pleaded, but the case at bar is not a case in which the city council or the city attorney could waive anything with reference to the required notice. (*Winter* v. *City of Niagara Falls,* 190 N. Y. 198, 123 Am. St. Rep. 540, 82 N. E. 1101, 13 Ann. Cas. 486; *O'Connor* v. *Fond Du Lac,* 109 Wis. 253, 85 N. W. 327, 53 L. R. A. 831.) But our court has passed upon a statute very similar to section 3289, and we believe the decision in that case is decisive of the controversy here. (*Hensley* v. *City of Butte,* 36 Mont. 32, 92 Pac. 34.)

Defendant contends that instruction No. 13 should have been given to the jury, and that the defendant should not be made to pay for such damages as plaintiff sustained by reason of lack

of reasonable care and attention to her injured limb. "One who has been injured by the negligence of another must use ordinary diligence to effect a cure and there can be no recovery for damages that might have been avoided by the exercise of such care." (13 Cyc. 76, and cases there cited; *Owens* v. *Balt. etc. R. Co.,* 35 Fed. 715, 1 L. R. A. 75; *McGarrahan* v. *New York etc. R. Co.,* 171 Mass. 211, 50 N. E. 610.) In every case of alleged personal injury by negligence, it has been said where there was any considerable interval of time between the discovery of the negligence and the happening of its injurious consequences, the jury ought to be made acquainted with that rule of law which puts the plaintiff to the exercise of ordinary care to avoid the consequences of the defendant's negligence. (*Akridge* v. *Atlanta R. Co.,* 90 Ga. 232, 16 S. E. 81; *Lyons* v. *Railway Co.,* 57 N. Y. 490; *Collins* v. *Council Bluffs,* 32 Iowa, 324, 7 Am. Rep. 200; *Chicago etc. R. Co.* v. *Meech,* 163 Ill. 316, 45 N. E. 290; *City of Waxahachie* v. *Connor* (Tex. Civ. App.), 35 S. W. 692.)

*Messrs. Breen & Jones,* for Respondent, submitted a brief; *Mr. Peter Breen* argued the cause orally.

Under the decisions of other states construing statutes similar to ours, where no method of giving notice to the council is prescribed, it has been specifically held that delivery of the notice to the city clerk, or other official having charge of the records and files of the city, is sufficient, and that the date of delivery to the clerk will be considered the date of presentation to the council. (*Bacon* v. *City of Antigo,* 103 Wis. 10, 79 N. W. 31.) And this same court specifically held that where no particular method of giving the notice was pointed out, personal service was unnecessary. (*Small* v. *Town of Prentice,* 102 Wis. 256, 78 N. W. 415; see, also, *Doyle* v. *City of Duluth,* 74 Minn. 157, 76 N. W. 1029; *Lyons* v. *City of Red Wing,* 76 Minn. 20, 78 N. W. 868; *Roberts* v. *Village of St. James,* 76 Minn. 456, 79 N. W. 519; *Pyke* v. *City of Jamestown,* 15 N. D. 157, 107 N. W. 359; *Coleman* v. *City of Fargo,* 8 N. D. 69, 76 N. W. 1051.)

The fact that the notice was not presented to the council in open session until after the expiration of the sixty-day period cannot prejudice respondent's rights. The evidence shows that the notice was delivered to the city clerk by plaintiff on December 3, 1909. This, and not the indorsement on the notice, of the fact of filing on December 6, 1909, is the true date of filing. (*In re Dewar's Estate,* 10 Mont. 437, 25 Pac. 1026.)

And the day the notice was delivered to the clerk is in contemplation of law the date of presentment to the council. ''The only orderly way in which a claim can be presented to a common council for its action is by filing the same with the clerk. * * * When so filed it is in legal effect presented to the common council.'' (*Mason* v. *City,* 98 Wis. 540, 74 N. W. 357; *Kelley* v. *City of Minneapolis,* 77 Minn. 76, 79 N. W. 653.) Even though the notice presented to the clerk, or other official of the city, having charge and custody of its records, never reaches the council chamber, it does not prejudice the plaintiff's right to sue. (*Peterson* v. *Village of Cokato,* 84 Minn. 205, 87 N. W. 615; *Pyke* v. *City of Jamestown,* 15 N. D. 157, 107 N. W. 359.) Even if the court be of the opinion that there is defect in the manner of service and time of presentation to the council, its subsequent acts waived these irregularities. (*Foster* v. *Village of Bellaire,* 127 Mich. 13, 86 N. W. 383; *Bowman* v. *Ogden City,* 33 Utah, 196, 93 Pac. 561; *Morlan* v. *Village of Marcellus,* 150 Mich. 400, 114 N. W. 236.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action for damages for personal injuries. The plaintiff prevailed in the trial court, and the city appealed from the judgment and from an order denying it a new trial. Only two of the questions presented demand special consideration.

1. It appears that within sixty days after the injury was received the plaintiff *filed with the city clerk* a notice directed to the city council, stating the time when and the place where the injury occurred. Section 3289, Revised Codes, provides

that the party "alleged to be injured, or someone in his behalf, shall give to the city or town council, or trustee, or other governing body of such city or town, within sixty days after the alleged injury, notice thereof; said notice to contain the time when and the place where said injury is alleged to have occurred." Did the plaintiff comply with this statute by filing [1] her notice with the city clerk? Authorities are to be found which answer this inquiry in the negative, but we think the weight of authority and the better reasoning prompt an affirmative reply. If the notice must be presented to the city council while in session, then the mere failure of the council to meet for sixty days after an injury occurs would defeat the injured party's right to sue. Certainly the legislature did not contemplate any such ridiculous result. The statute was not intended to prohibit actions being prosecuted altogether, or to make the right to sue depend upon the meeting of the city council, but to require prompt notice of the injury as a condition precedent to the right to sue, and in this instance the statute has fixed sixty days as a reasonable period within which such notice shall be given. This view finds support in the following decided cases, and others cited therein: *Bacon* v. *City of Antigo,* 103 Wis. 10, 79 N. W. 31; *Doyle* v. *City of Duluth,* 74 Minn. 157, 76 N. W. 1029; *Pyke* v. *City of Jamestown,* 15 N. D. 157, 107 N. W. 359.

The decision in *Hensley* v. *City of Butte,* 36 Mont. 32, 92 Pac. 34, is not applicable here, for the statute considered in the *Hensley Case* (Laws 1897, p. 219) provides that the city council shall meet especially to hear objections to the creation of the improvement district. The statute further provides: "Any person or persons who are owners or agents of any lot or parcel of land within such improvement district shall have the right to appear at said meeting either in person or by counsel and show cause, if any there be, why the improvements mentioned therein shall not be made." (Section 31.) Under that statute we held that a protest in writing left at the city clerk's office was not a presentation of the protest to the meeting of the city council.

2. It appears from the record that the plaintiff was injured on a defective sidewalk on October 6, 1909; that her injuries consisted of a sprained ankle, and a bruised and lacerated [2 and 3] leg; that she did not call a physician until October 15 following, when she was taken to the hospital; that in the meantime sepsis had developed, and the pain from her injuries had increased in severity, so much so that she testified: "The folks who ran the place where I roomed took care of me during the interval until I had the doctor. I remained in the room there all of that time until I was taken to the hospital. I did not leave the room that week. I did not go downtown, as I could not walk if I wanted to, and, if I wanted a drink of water, I had to call for it." A physician, called as a witness for the plaintiff, on cross-examination testified that, if plaintiff's injuries had received proper medical attention before the 15th of October, they would have been lessened.

It is a general rule of law that "one who has been injured by the negligence of another must use ordinary diligence to effect a cure, and there can be no recovery for damages that might have been avoided by the exercise of such care." (13 Cyc. 76.) The rule was distinctly recognized by this court in *Sweeny* v. *Montana Central Ry. Co.*, 19 Mont. 163, 47 Pac. 791. With the purpose of invoking the rule just announced, the defendant requested the trial court to give an instruction as follows: "You are instructed that if you find that the plaintiff was injured on the 6th day of October, 1909, it then became her duty to use all reasonable care and precaution to minimize the damages that might result, and, if you find that she failed to do this, then you cannot return a verdict for such damages that resulted by her want to exercise such care and precaution." The request was refused, exception taken, and error is now predicated upon the ruling.

Counsel for respondent recognize the rule stated above, but insist that the proposed instruction is defective, that, by the use of the word "all" before the word "reasonable," the instruction imposes upon the plaintiff a greater burden than that

fixed by law, and that the concluding phrase "by her want to exercise such care and precaution" renders the instruction meaningless, or, at least, that this phrase itself is meaningless. They invoke the principle announced by this court in *Anderson* v. *Northern Pacific Ry. Co.*, 34 Mont. 181, 85 Pac. 884, and later [4] cases, that error cannot be predicated upon the refusal of the trial court to correct an erroneous instruction tendered and give it in correct form. But the principle announced in those cases applies only to an offered instruction which does not correctly state the rule of law intended, or to one which combines a correct rule with one which is erroneous. It does not warrant a court in refusing an instruction which correctly states a rule applicable, on the ground that the language employed to express the rule is not the most precise and refined English. It was never intended to limit a party to those proper instructions only which are clothed in the tersest or most elegant language. The inquiry before the court should be: Is the language employed such as is likely to mislead an intelligent jury as to the meaning of the rule sought to be announced? Judged by its diction, the instruction is not a model. If it is to be tested by the rules of syntax, it is defective; but that its meaning could be misunderstood by any reasonably intelligent person is beyond belief. The word "want" in the concluding phrase was ill-chosen. A more euphonious term might have been used. Had the word "failure" been substituted, objection would not be urged upon us, yet the words "want" and "failure" are synonymous (Webster's International Dictionary), and, when used in the sense of failure, as it obviously was, the word "want" is technically correct.

But it is insisted that the instruction as proposed is defective [5] in substance, in that by the use of "all" before the word "reasonable" a greater burden is imposed upon the plaintiff than is warranted by law. As this court has said frequently with reference to kindred subjects, the standard in all such cases is that of the reasonable person. In other words, in this instance the law enjoined upon the plaintiff the duty to perform

all those acts which a reasonably prudent person under like circumstances would have performed to minimize her hurts or limit the injurious consequences, and, if she failed in this respect, she cannot recover those damages which might have been avoided by the exercise of such ordinary care. The word "all," before the word "reasonable," might have been omitted, but its presence does not add anything to the instruction or change the rule of law. Indeed, in stating the rule, so careful and painstaking an author as Watson in his work on Damages for Personal Injuries, section 180, says: "It is held to be the duty of a person who has sustained injury at the hands of another to make all reasonable efforts to limit the injurious consequences of the latter's act."

In view of the facts disclosed by this record, it was the duty of the jury to determine whether plaintiff did in fact exercise ordinary care, and, if she did not, then to limit her recovery to those damages which were shown to be caused proximately by the defendant's negligence. The refusal of the court to correctly instruct the jury left them free to award to plaintiff damages upon the basis of her condition at the time the physicians were called, irrespective of the question whether ordinary prudence would have prompted her to call for relief at an earlier date, and thereby lessen the consequences of her original injuries. The omission of this instruction left the case to go to the jury upon an erroneous theory, and because of the error the judgment and order are reversed, and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.