## McLENDON v. CITY OF HOUSTON.

### No. 12592.

Court of Civil Appeals of Texas.
Galveston.

Oct. 8, 1953.

Rehearing Denied Oct. 29, 1953.

Dixie & Ryan and Thomas M. Ryan, Houston, for appellant.

William G. Sears, City Atty., and John R. Bennett, Asst. City Atty., Houston, for appellee.

HAMBLEN, Chief Justice.

George McLendon, the appellant, brought this suit against the City of Houston for injuries sustained by his wife as a result of alleged negligence of the City of Houston. The City of Houston, having answered, filed a motion for summary judgment in its favor and it is from the action of the trial court in granting such motion that this appeal is taken.

The City of Houston's motion was based upon the proposition that appellant had failed to comply with the provisions of art. IX, Sec. 11 of the Charter of the City of Houston and that, therefore, the City as a matter of law was entitled to judgment in its favor. Art. IX, Sec. 11 of the Charter of the City of Houston is as follows:

"Sec. 11. Notice of Claim for Damages—Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one on his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damage sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal Section 12 of Article IX of this Charter. (As amended, 1913)."

Supporting its motion appellee filed an affidavit by the City Secretary of the City of Houston, the recitals of which are uncontroverted and the material portions of which are as follows:

"Before Me, the undersigned authority, on this day personally appeared M. H. Westerman, City Secretary of the City of Houston, Texas, and upon her oath deposes and says that:

"My name is M. H. Westerman. I am the duly appointed and constituted Secretary of the City of Houston, Texas. I am the official custodian of the appropriate records in connection with the above styled and numbered cause of the records or instruments in the form of formal written claims filed with the City of Houston in accordance with the Charter provisions of the City of Houston. I am personally familiar with the claim filed by the law firm of Dixie & Ryan by Meyer Jacobson in behalf of the Plaintiff in the above styled and numbered cause. This claim was delivered by a person unknown to me but well known to Plaintiff to the office of the City Secretary on the 20th day of June, 1950. It was stamped as received about 3:30 P.M. on said date and an entry was made in a journal used for this purpose. On the 21st day of June, 1950, at a regularly appointed and scheduled date of assembly the claim as filed was presented to the Mayor and City Council. This was the very first date which said Council was in session after the claim was received in my office. * * *."

The injuries to appellant's wife are alleged by appellant to have occurred on March 22, 1950.

The sole question presented by this appeal is whether appellant complied with the requirements of the charter of the City of Houston above quoted. No question is raised as to the authority of municipalities to enact such charter provisions, the appellant's contention being simply that the time and method of filing outlined in the affidavit of the City Secretary above quoted constituted such compliance with the requirements of the charter provision as will entitle appellant to maintain his suit

against the City. It is the appellee's contention that charter provisions such as the one here involved must be strictly construed and that service of notice on the City Secretary is not in compliance with such provision.

Charter provisions such as the one here involved have been the subject of discussion in many reported cases in this State and an examination of the authorities cited by the appellee leads inevitably to the conclusion that its contention is the correct statement of the law in Texas and that the trial court properly applied the law to the facts here involved.

The case of City of Fort Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704, 705, presents a fact situation almost identical with the facts in the case under consideration. In that case the charter of the City of Fort Worth contained a provision as follows: "'Before the city of Fort Worth shall be liable for any damages of any kind, such person or some one in his behalf shall give the city council notice in writing of such injury within thirty days after the same shall have been received, stating in such notice how and when the injury occurred and the extent thereof.'"

Shero, plaintiff in that case, claimed to have been injured by stumbling over an alleged defect in the sidewalk in the City of Fort Worth and filed suit in the District Court of Tarrant County. Plaintiff recovered judgment and the City of Fort Worth appealed. The Court of Civil Appeals reversed the judgment of the District Court on the ground that the plaintiff had failed to comply with the provisions of the charter of the City of Fort Worth where the undisputed facts showed that the attorney for plaintiff had delivered notice to the City Secretary within the required thirty day period but the City Secretary had presented the notice to the council at its next regular meeting which took place thirty one days after the date of the alleged injury. In its opinion, which has been cited with approval numerous times in this State, the Court said: "The question in this case is whether the city of Ft.

Worth is liable for the damages appellee has sustained by reason of the injuries he received on the night of the 11th of May, 1895, he having failed to deliver this notice to the city council within the 30 days prescribed by the section of the charter above quoted. The legislature has prescribed that the city shall not be liable unless the notice is given in writing within 30 days after the injury shall have been received. The injury was received at the time he stumbled and fell, although the doctor, as is usual in such cases, was then and for some time afterwards unable to state the extent and permanency thereof. The statute makes no allowance for this. The notice must be given to the city council. The section under consideration does not provide that notice shall be given to the city. If it did, we might reasonably conclude that service on the city secretary, or mayor, or other officer of the city upon whom citations may be served in case of suits against the city, would be sufficient. It must be given within 30 days. The legislature had the power to make it 10 days or 60 days, but it fixed the time at 30 days, and provided that the city should not be liable unless the notice was given within that time. We cannot say that the time is unreasonably short; nor are we prepared to say that the judicial department of the state has any power to pass upon the reasonableness of the time fixed by the legislature in such cases. * * * 'The requirement that the notice be given thus early (thirty days) after the injury is for the protection of the municipality, to prevent the bringing of actions on fictitious claims, and to enable towns and cities to investigate all claims for injury from defects in the highway soon after the injury is said to have been sustained, and while all important evidence, both as to the condition of the way and as to the fact of the injury, is likely to be within reach of diligent inquiry.' * * * Such statutes are not directory merely; they are mandatory. 'Such notice as the statute mentions must not only be given, but it must be averred in the writ and proved at the trial, or the action cannot be maintained.' * * * In this case the undisputed evidence of the ap-

pellee is that the notice of the injury was not given to the city council until the day after the expiration of the 30 days within which the notice was required to be given under the provisions of the charter, and we are therefore of opinion that the city is not liable to him for the damages sustained by reason of such injury, and that the court should have instructed a verdict for defendant."

A similar statement of the law is found in the case of City of Beaumont v. Baker, by the Beaumont Court of Civil Appeals, reported in 95 S.W.2d 1365, 1367. In that case, Baker had filed the notice with the City Clerk and not with the Commission, as required by the City Charter, and there the Court held as follows:

"First. The notice to Raymond Edmonds did not meet the requirements of the charter that the person injured 'shall file with the Commission' a notice in writing of the injury. Mr. Edmonds was not a member of the commission, and there was no charter provision authorizing him to receive notices for the commission, or to be served in the name of the commission. The following authorities support the conclusion that service of the notice upon Mr. Edmonds was not in compliance with sub-section 31 of section 70 of appellant's charter: Parsons v. City of Fort Worth, 26 Tex.Civ.App. 273, 63 S.W. 889; Luke v. City of El Paso, Tex.Civ.App., 60 S.W. 363; City of Fort Worth v. Shero, 16 Tex.Civ.App. 487, 41 S.W. 704; Puckett & Wear v. City of Fort Worth, Tex.Civ.App., 180 S.W. 1115; Jones v. City of Fort Worth, Tex.Com.App., 267 S.W. 681; Jones v. City of Fort Worth, Tex.Com. App., 270 S.W. 1002. Quoting from 30 Tex.Jur. 558: 'The notice * * * must be served upon the officer specified in the charter.' "

Appellee has cited numerous other authorities in Texas courts which sustain the contentions which it makes. On the other hand the appellant cites only two cases decided by courts in this State, neither

of which, upon examination, sustains his position. The case of Jones v. City of Fort Worth, by the Commission of Appeals, of Texas, reported in 267 S.W. 681, cited by appellant, involved a situation where the City of Fort Worth was operating under a commission form of government. Under this system each commissioner was elected by the people of a city as a whole to perform separate, designated and authorized duties. The case involved alleged injuries resulting from a defect in a street of the city and the claimant served notice of injuries upon the commissioner of streets. The Commission of Appeals held that because of the form of government prevailing in Fort Worth, service upon the commissioner of streets was service upon the board of commissioners, holding that each commissioner represents the board or is in fact the board in the discharge of the duties and in the exercise of the powers belonging to his particular department.

The only other Texas authority cited by appellant in support of his contention is the case of Mouille v. City of Port Arthur, Tex.Civ.App., reported in 164 S.W.2d 219. In that case the charter requirement was notice to the city commission within sixty days. The city commission of Port Arthur failed to meet on its regular meeting date and the claimant, in an effort to comply with the requirements of the charter, served notice on each member of the commission separately prior to the expiration of the time limit, which the Court of Civil Appeals held to be compliance with the requirements of the city charter.

Neither the case of Jones v. City of Fort Worth nor Mouille v. City of Port Arthur is in any way in conflict with the rule enunciated in the case of City of Fort Worth v. Shero, and other cases cited by appellee. They simply involved different fact situations.

Appellant does cite several authorities from other jurisdictions which seem to apply a less strict rule in regard to compliance with similar charter provisions. The case of City of La Fayette v. Rosser, 53 Ga. App. 228, 185 S.E. 377, holds that the plain-

tiff as a prerequisite to recovery of money damages from a municipal corporation on account of an injury to person or property must show a "substantial compliance" with the provisions of the city charter requiring notice to the municipal corporation. The case of Bacon v. City of Antigo, 103 Wis. 10, 79 N.W. 31, holds that a claimant for personal injuries against a city sufficiently presents his claim to the city council by filing it with the city clerk for presentation to the council. The case of Davis v. City of Rome, 37 Ga.App. 762, 142 S.E. 171, holds that a requirement that notice of intention to bring suit against the city must be presented in writing to the governing authority of the city is sufficiently met by filing a required notice in the office of the secretary or clerk of the city commission.

If the case presently under consideration were one of first impression in this State, this Court would, of course, be disposed to examine carefully the decisions of other jurisdictions in order to determine as best it might what rule of law should be applied in this State. However, where a rule has become so definitely established as has the rule applied in the case of City of Fort Worth v. Shero and other cases cited by appellee, to fail to apply such rule would do violence to the doctrine of stare decisis, a doctrine manifestly essential to our jurisprudence if men are to know how to conduct their affairs and to determine their rights and duties under the law.

Appellant also complains of the action of the trial court because, as he says, "The Trial Court was wrong when it held that a duly verified claim presented to the City Secretary on the 90th day after the happening of an accident was not a filing within 90 days within the meaning of the City of Houston's Charter."

In support of this point, appellant cites authorities which construe the meaning of "within ninety days" as that phrase is used in the applicable charter provision of the City of Houston. The gist of these authorities is that in computing this time element, the day the act took place must be

excluded. An examination of the motion upon which the trial court's judgment was granted discloses that the action of the trial court is in no way in conflict with such authorities. It is undisputed that notice of claim was presented to the City Secretary within ninety days after (i. e., excluding) the day of the alleged injury. It is likewise undisputed that notice of claim was presented to the mayor and city council on the ninety-first day after (i. e., excluding) the day of the alleged injury. Therefore the rule of law set forth in appellant's first point of error, and the authorities cited in support thereof are immaterial to the decision of this case. As appellee says, "The exact question in this case is not 'what does 90 days mean' but to whom must a claimant present his notice, the City Secretary, or the Mayor and Council, within 90 days". The authorities cited hold that it must be presented to the Mayor and Council.

We conclude that the action of the trial court, in granting the motion for summary judgment, was the correct application of the law in this State to the undisputed facts presented, and the judgment of that court is accordingly affirmed.