THE STATE OF MONTANA EX REL. HENRY T. ESPELIN, RELATOR, v. CITY COUNCIL OF THE CITY OF GREAT FALLS, MONTANA, ET AL., RESPONDENTS.

No. 12344.
Sept. 6, 1972.
Supplemental Order
Sept. 18, 1972.
500 P.2d 1194

136

Scott, Linnell & Neill, Great Falls, Wayne E. Linnell, Great Falls, argued, for relator.

Patrick L. Paul, City Atty., and Channing J. Hartelius, Great Falls, argued, for respondents.

## ORDER AND OPINION

PER CURIAM:

This is an original proceeding wherein the relator, an elector of the City of Great Falls seeks a writ of mandamus or other appropriate writ to require the city council of Great Falls to hold a special election on the issue of a change of the form of city government within ninety days of the date of filing of a petition seeking such election.

The facts giving rise to the petition are:

1. Relator and petitioner herein is a resident, qualified elector and taxpayer of the City of Great Falls, Montana;

2. Respondents constitute the duly elected, acting and constituted city council of Great Falls, Montana;

3. On July 14, 1972, a petition was filed with the clerk of the city of Great Falls, Fred L. Hill, seeking by its terms a change of the form of city government of Great Falls pursuant to section 11-3201 et seq., R.C.M.1947;

4. Said petition was accepted by the clerk of the City of Great Falls, Fred L. Hill, by certified acceptance dated July 14, 1972;

5. By letter dated July 17, 1972, Fred L. Hill transmitted

said petition to the clerk and recorder of Cascade County, J. L. Lennon, for his certification that the signatures on said petition conformed to the requirements of section 11-3202, R.C.M.1947;

6. On July 27, 1972, the clerk and recorder of Cascade County, J. L. Lennon, certified as valid the requisite number of signatures on said petition required by the above said section 11-3202;

7. On July 27, 1972, and for twenty days thereafter notice was given in the GREAT FALLS TRIBUNE that "the registration of electors for a special election regarding the question 'for or against reorganization' of Government in and for the City of Great Falls, Montana, to be held September 19, 1972, will close August 15, 1972, at 5:00 o'clock P.M.";

8. By communication from J. L. Lennon to the city council dated July 28, 1972, J. L. Lennon certified to the city council by letter and affidavit dated July 27, 1972, attached thereto, that said petition contained the requisite number of valid signatures as required by section 11-3202;

9. On July 31, 1972, said certified petition was submitted to the city council of Great Falls at its regular meeting and was placed on its printed agenda;

10. On July 31, 1972, at the above said meeting, it was resolved by the city council that said petition be referred to the judiciary committee of the city council and to the city attorney to determine if said petition was in conformance with the requirements of section 11-3202, R.C.M.1947;

11. By letter dated August 3, 1972, the city attorney returned said petition to the clerk and recorder of Cascade County requesting recertification on the basis of an interpretation by said city attorney of the requirements of section 11-3202, R.C.M.1947;

12. On August 7, 1972, the judiciary committee of the city council recommended that September 19, 1972, be set as the

date for holding a special election on the issue of a change of the form of city government of Great Falls.

13. By letter dated August 10, 1972, the attorney general of the State of Montana stated his opinion that the clerk and recorder's original interpretation of section 11-3202, R.C.M. 1947, and his certification based thereon was correct in all respects;

14. On August 14, 1972, at a regular meeting of the city council of Great Falls, the city council set November 7, 1972, as the date for holding a special election on the issue of a change of the form of city government of Great Falls;

15. On August 15, 1972, the registration of electors for the special election of September 19, 1972, was tentatively closed except that the city council by subsequent action did not approve.

This Court accepted original jurisdiction by an order dated August 18, 1972. The order and copies of the petition and supporting papers were served on the mayor, city clerk and counsel pursuant to Rule 4D(2) (g), M.R.Civ.P. The respondent city counsel appeared by motion to quash on the grounds, among others, that the individual council members were not named or served. Subsequently, on August 29, 1972, an amended petition was filed naming the members of the council. We issued a further order setting a date for oral argument on September 6, 1972. Briefs were filed and oral argument had.

The respondent city also appeared by motion to quash directed to the merits of the petition for a writ of mandamus or other appropriate writ.

The contentions here are:

A. That on July 14, 1972, a valid and sufficient petition to change the form of city government executed pursuant to sections 11-3201 et seq., R.C.M.1947, was filed with the city council in accordance with section 11-3202, by deliverance of said petition to the city clerk of the City of Great Falls and by his acceptance thereof on the same date.

B.   That respondent city has set November 7, 1972, as the date of holding a special election on the issue of the change of the form of city government raised by said petition and that said date for the holding of a special election is more than ninety days from the date of filing of the petition; that the action of respondent in setting November 7, 1972, as the date for said special election is, therefore, in violation of section 11-3202, R.C.M.1947.

Section 11-3202, R.C.M.1947 provides:

*"Submission of question to electors—petition and order of election.* Upon a petition being filed with the city or town council, signed by not less than twenty-five per cent of the qualified electors of such municipality registered for the last preceding general municipal election, praying that the question of reorganization under this act be submitted to the qualified electors of such municipality, said city or town council shall thereupon, and within thirty days thereafter, order a special election to be held, at which election the question of reorganization of such municipality under the provisions of this act shall be submitted to the qualified electors of such municipality.

"Such order of the city or town council shall specify therein the time when such election shall be held, which must be within ninety days from the date of filing of such petition."

The respondents contend that said petition is not "filed with the City or Town Council" as is required by section 11-3202, R.C.M.1947, until the signatures thereon are certified valid and sufficient by the county clerk and recorder and said certification is in turn independently declared legal and in conformance with the provisions of section 11-3202, R.C.M. 1947. In respondents' view, submission of the petition thereafter apparently constitutes filing with the city council as required by the statute in question.

■ ■  This Court, in defining the term "filing", has stated that "To file papers is to deposit them with the proper cus-

todian for keeping". In re Dewar's Estate, 10 Mont. 426, 437, 25 P. 1026; Minneapolis Steel Etc. Co. v. Thomas, 54 Mont. 132, 168 P. 40; see also 45 Am.Jur. Records and Recording Laws, § 6; Black's Law Dictionary, Fourth Ed., p. 755. By section 11-805, R.C.M.1947, the duties of the city clerk are "To file and keep all records, books, papers, or property belonging to the city or town." The city clerk is, therefore, the proper custodian of papers to be submitted to the city and delivery to and acceptance by him of subject petition on July 14, 1972, constitutes "filing" for the purposes of section 11-3202, R.C.M.1947.

Filing with the city clerk in turn is the equivalent of filing with the city council. In Tiggerman v. City of Butte, 44 Mont. 138, 142, 119 P. 477, this Court construed a statute requiring that notice of injuries sustained on a public sidewalk must be given " 'to the city or town council' " within sixty days of the alleged injury. The Court, at page 142, 119 P. at page 477, answered its own statement of the issue as follows:

"Did the Plaintiff comply with this statute by filing her notice with the city clerk? Authorities are to be found which answer this inquiry in the negative, but we think the weight of authority and the better reasoning prompt an affirmative reply."

Further, the Court, at page 142, 119 P. at page 477, in explanation of its holding, observed:

"If the notice must be presented to the city council while in session, then the mere failure of the council to meet for 60 days after an injury occurs would defeat the injured party's right to sue."

The same reasoning is applicable to the present case. If delivery of the petition to the city clerk did not constitute filing of said petition with the city council, then the council might readily defeat the mandate of section 11-3202, R.C.M. 1947, to call a special election within ninety days of filing

by simply failing to meet for ninety days or alternatively by failing to place the petition on its agenda such that the issue raised thereby could not be properly submitted to the council for hearing.

From a reading of section 11-3202, R.C.M.1947, the city clearly had and has a statutory duty to hold the election petitioned for within ninety days of July 14, 1972. The city, in its brief and on oral argument, makes much of what it terms an impossible or inequitable financial burden in conducting a single issue election. It discusses "machine voting", "voting booth erection", and other matters as making the holding of an election within ninety days after July 14 as impossible. We are totally unimpressed. The city council is telling us that it cannot comply with state law. This contention is patently without any merit. The city, by its action on a 5 to 4 vote, has brought on the situation. It has attempted to frustrate the efforts of the petitioning voters to have a legal election. It will not now be heard to claim impossibility. The right to vote on such matters is of paramount importance. Accordingly, this Court directs the issuance of a writ to the City of Great Falls to immediately and forthwith set a date for election prior to October 14, 1972 and conduct said election according to its ordinance and the laws of Montana.

We have considered the arguments on jurisdiction and other matters raised but find them of no substance.

Petitioner seeks reasonable attorney fees. Respondents counter by seeking attorney fees if the petition is denied. This constitutes an admission that attorney fees are proper. Accordingly, attorney fees are ordered paid by the city council of Great Falls in the amount of $750.00.

This opinion and order shall constitute the appropriate writ and copy thereof shall be served in accordance with Rule 4, M.R.Civ.P., said service to be made forthwith by counsel for relator.

## Supplemental Order

Counsel for relator above filed herein a petition seeking clarification of this Court's order dated September 6, 1972, wherein the City Council of the City of Great Falls was ordered to vacate its resolution establishing the date of November 7, 1972 for holding a special election on the change of the form of city government and to conduct such election on or before October 14, 1972.

Counsel for respondent City Council appeared in response to the petition. During the course of presentation counsel for relator agreed to accept certain alternatives to the order requiring the special election on or before October 14, 1972 in order to assure a legal election and to insure against disenfranchising certain voters including absentee voters from participating in such special election.

It appearing to this Court that the alternatives are reasonable and agreeable to the City Council in all particulars except as to attorney fees later herein discussed, that such alternatives are a just and reasonable way out of the dilemma of inability to comply with statutory times and notices provided that the order of September 6, 1972 is hereby modified in that:

1. The city council shall forthwith return the petition described to the relator herein;

2. that the relator shall have standing and authority to withdraw and refile such petition on behalf of the petitioners;

3. that the city council shall accept the said petition on refiling by relator as sufficient and legally certified in accordance with state law as it has been heretofore certified to be;

4. that the city council and the mayor of the said City shall forthwith, after such refiling, set a date for the special election as required by statute and cause all legal notices, times, ballots and proclamations to be observed;

5. that the city council shall provide a constitutionally proper and fair special election to be conducted.

It further appearing to this Court that the city council by its previous actions has caused the relator and the petitioners he represents and who are similarly situated to expend further costs and attorney fees to its own damage, without just cause that an additional and further attorney fee of $500 be allowed against the City to that provided in our order of September 6, 1972 as a reasonable and just fee in addition to costs.

It is so ordered.