### JONES v. CITY OF FORT WORTH.*
(No. 455–3968.)

(Commission of Appeals of Texas, Section B. April 8, 1925.)

Appeal and error ☞1114—On reversal for error at law, case remanded to Court of Civil Appeals for decision on issues not passed on.

Where Court of Civil Appeals considered only one of errors assigned, and rendered erroneous decision thereon, case will be remanded to that court on reversal, for consideration of assignments not passed on, where they involve questions of fact peculiarly within jurisdiction of that court.

Error to Court of Civil Appeals of Second Supreme Judicial District.

On motion for rehearing. Previous judgment vacated, judgment of Court of Civil Appeals reversed, and cause remanded, with directions.

For former opinion, see 267 S. W. 681.

Geo. W. Kent, Walter D. Nicholson, and Theodore Mack, all of Fort Worth, for plaintiff in error.

R. Rouer, Gillis Johnson, and Raymond Buck, all of Fort Worth, for defendant in error.

POWELL, P. J. Defendant in error, in its motion for rehearing, earnestly and vigorously insists that we erred in our original opinion (267 S. W. 681) in holding that the notice served upon the street commissioner was sufficient compliance with the ordinance requirement in question. We have given careful consideration to this contention, and have concluded that, under the undisputed facts in this record, the notice was sufficient. In order that we may have in mind just what happened in this connection, we quote the following:

"Fort Worth, Texas. December 16, 1920.

"Commissioner of Streets, City Hall, Fort Worth—Dear Sir: Under date of December 11th or thereabouts, Mrs. J. H. Jones, a widow, very poor and practically penniless, with five small children, the eldest 16 years of age, was injured very severely and painfully by putting her foot in a large broken place in the cement sidewalk in front of Piggly Wiggly store on Houston, between Eighth and Ninth. She is now under care of a physician, with her ankle and leg swollen and inflamed condition. She has employed us to represent her claim to the city and has assigned to us an interest therein. Will you please be good enough to advise us as early as possible what is the policy of the city towards such unfortunate occurrences as this, and if we may expect a settlement for Mrs. Jones without having to resort to the courts?

"Thanking you, and with best wishes, we are

"Cordially yours,
"Nicholson & Kent,
"G.W.K:K. By Sge. Kent."

To aforesaid letter, the commissioner of streets replied as follows:

"December 21, 1920.

"Messrs. Nicholson & Kent, Care Texas State Bank Bldg., Fort Worth, Texas—Gentlemen: I am in receipt of your letter of December 16th relative to the Mrs. J. H. Jones matter, and am to-day referring same to Mr. Frank Jones, city claim agent, who handles all such matters.

"Yours very truly,
"Charles D. Wiggins,
"Commissioner of Streets."

Later the claim agent declined the claim in the following letter:

"Legal Department, City of Fort Worth.
"December 22, 1920.

"Nicholson & Kent, Attys. at Law, Fort Worth, Texas—Dear Sirs: I am this day in receipt of a letter from Mr. C. D. Wiggins, street commissioner, of the city of Fort Worth, with one attached from your firm, with reference to an accident that happened to Mrs. Jones, a widow, you say, who claimed she was injured on the cement sidewalk in front of Piggly Wiggly store, on Houston street. I will say that this

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Rehearing denied May 13, 1925.

building belongs to Mr. Tom Jennings, with the Texas Title Company. Some time after the first of last week, and before this accident came up to us, I notified Mr. Jennings of the condition of the sidewalk, after having made an inspection of the same and suggested to him that the walk must be repaired, as there was a hole in it that might give some one a fall. Therefore I think your cause of action, if any, is against Mr. Jennings, and would advise you to take the matter up with him, at the above-named address.

"Very truly yours,
"[Signed] Frank D. Jones, Claim Agent."

The claim agent evidently filed this notice, after writing aforesaid letter, in the legal department of the city. Upon this point, we quote from the testimony of Mr. R. E. Rouer upon the trial as follows:

"I handed Mr. Kent this notice yesterday, out of my pocket. I found it in my office at the city hall. It must have been in the files. I don't recall just now. I believe, the first time I saw it, it was in the files there. I found it in my office. I don't know whether there was any irregularity about keeping those records. I don't know who put it in my office, but I found it in the files, or on my desk in the legal department of the city. I am corporation counsel of the city of Fort Worth."

Under the charter of the city of Fort Worth, granted by the Legislature, the duties of the corporation counsel are thus defined:

"The corporation counsel shall be the chief legal adviser of the city government and shall have entire charge of all litigation of the city, in the county, district and appellate courts of the state and in courts of the United States government. He shall pass upon the form and validity of all ordinances, resolutions and contracts of the city and shall himself frame the same when required to do so."

The method of handling claims against the city is thus defined in the same charter:

"The commissioner named as the head of each department shall audit all accounts or claims against it unless he is absent or fails or refuses to do so, in which event the chairman shall appoint another commissioner to act in his stead during his absence, or to audit such claims or accounts as said commissioner shall fail or refuse to act upon, but before payment, all accounts shall be approved by the board of commissioners," etc.

It will be seen from aforesaid statement that this notice was sent to the street commissioner, not for himself personally, but for the benefit of the city government; that it was his duty to audit this very claim and recommend action to the board as a whole; that he referred it to the claim agent, as was done with all such claims; that the claim agent declined it upon a question of law and not of fact; that the claim agent worked in connection with the legal department of the city, in whose files the notice was deposited. Under these facts, the city was clearly protected in all of the rights which the notice requirement was intended to confer. It certainly had opportunity to investigate the claim promptly and preserve its evidence. It could have settled the claim if it had cared to do so. The board itself doubtless would not have done so contrary to the advice of its claim agent and the legal department. Under the record before us, the notice in the case at bar was clearly sufficient. See Powers v. City of Boulder, 54 Colo. 558, 131 P. 395, 46 L. R. A. (N. S.) 167, and City of Grand Forks v. Allman, 153 F. 532, 83 C. C. A. 554. Where it is shown that a city is protected in its rights, it is largely immaterial whether the notice reached the commission through one channel or another.

Much complaint is made in the motion with reference to our language in our former opinion to the effect that one member of the board constituted the board and had just as much authority as the entire board in various matters. We believe our opinion, when properly interpreted, and considered as a whole, will show that we were limiting our language to the question at issue. But, since it is not necessary to go any further than to hold that service on the street commissioner, under all the facts in this record, was effective as service on the board itself, we now confine our opinion to this very question.

In our original opinion, we discussed but one question. The Court of Civil Appeals did the same thing. The latter court, in this case, spoke as follows (249 S. W. 296):

"While a number of alleged errors are presented to us, several of which involve matters of more or less serious importance, yet we have concluded to discuss only one alleged error."

Upon its view of the law with reference to that one question, the Court of Civil Appeals rendered judgment for the city. We have carefully examined the brief of the city in the Court of Civil Appeals, and find that certain of the assignments of error there presented involve questions of fact peculiarly within the jurisdiction of the Court of Civil Appeals. Therefore we think this case should be remanded to that court for consideration of assignments heretofore not acted upon. In exercising its jurisdiction upon fact issues, we think that court should first act, and that, too, without its being possibly influenced by what we might think of such issues. In making this recommendation, we follow the course adopted in the cases of Bowles v. Mitchell (Tex. Com. App.) 245 S. W. 74, and Johnson v. Newberry (Tex. Com. App.) 267 S. W. 476.

In view of what we have said, we recommend that the motion for rehearing herein be granted, that the judgment of the Supreme Court heretofore entered herein on December 20, 1924, be set aside, that the judgment of the Court of Civil Appeals be reversed, and the cause remanded to that court for con-

sideration and determination of the assignments of error heretofore not acted upon.

C. M. CURETON, C. J. Previous judgment of the Supreme Court vacated, and judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals, as recommended by the Commission of Appeals.