## CITY OF FORT WORTH v. JONES.*
### (No. 10086.)

(Court of Civil Appeals of Texas. Fort Worth. Nov. 14, 1925. Rehearing Denied Dec. 19, 1925.)

1. Appeal and error ⬱1052(5)—Admitting evidence that plaintiff in personal injury action was head of family of six children held not error.

In action for injuries to foot, admitting plaintiff's testimony that she stood on foot after doctor instructed her not to do so because, as head of a family of six children, she had to do what little business there was done, *held* not reversible error, in absence of assignment directed to excessiveness of verdict, since it merely tended to enlarge recovery, especially as defendant's cross-examination had brought out facts regarding family.

2. Appeal and error ⬱1052(5)—Admission of physician's testimony as to percentage of disability held not reversible error.

Admission of physician's testimony that injury amounted to 75 per cent. disability *held* not reversible error, in absence of assignment directed to excessiveness of verdict, since it merely tended to enlarge recovery.

3. Damages ⬱46 — Reasonable medical expense is proper measure of damages in personal injury case whether paid for or not.

Reasonable medical expense is proper measure of damages in personal injury case whether paid for or not, and it was not error to permit physician who treated plaintiff without charge to testify as to reasonable value of services.

Appeal from District Court, Tarrant County; Bruce Young, Judge.

Action by Mrs. J. H. Jones against the City of Fort Worth. Judgment for plaintiff was reversed by Court of Civil Appeals (249 S. W. 296), which judgment was reversed and judgment of trial court affirmed by Commission of Appeals (267 S. W. 681). On reargument judgment of Court of Civil Appeals was reversed and case remanded to Court of Civil Appeals, with directions to pass on assignments not previously determined (270 S. W. 1002). Judgment affirmed.

R. E. Rouer, Gillis A. Johnson, and Raymond E. Buck, all of Fort Worth, for appellant.

Geo. W. Kent and W. D. Nicholson, both of Fort Worth, for appellee.

BUCK, J. This cause was before us at a former date. On April 4, 1923, we reversed the judgment below and rendered judgment for the appellant, as shown in 249 S. W. 296. The appellee applied for writ of error, which was granted, and the Commission of Appeals on December 2, 1924, reversed the decision of this court, holding that the notice was sufficient, and affirmed the judgment of the trial court. See 267 S. W. 681. On April 9, 1925, the former judgment of the Commission of Appeals, approved by the Supreme Court, was set aside, and the cause reversed and remanded to this court; the Commission of Appeals still adhering to the conclusion formerly expressed that the notice shown was sufficient. But the cause was remanded to this court in order that we might pass on other assignments not discussed or disposed of by this court or by the Supreme Court. 270 S. W. 1002.

The first three propositions in appellant's brief deal with the question of the sufficiency of the notice, and that question having been determined by the Supreme Court, we will not discuss the matter further.

[1] The fourth proposition complains of the admission of the testimony of Mrs. Jones, the plaintiff below, to the effect that the rea-

---

⬱For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction February 10, 1926.

son for her standing on her injured foot, after the doctor had instructed her not to do so, was because she was the head of a family of six children, two of them working, others at school, and she had to do what little business there was done. This testimony was brought out by the plaintiff's attorney, in answer to testimony given by Dr. J. J. O'Reilly, in response to interrogations of defendant's counsel. He testified that he had examined her after the alleged accident, and examined her ankle, and that she could hardly bear it to the floor and seemed to be in great pain. He testified that, based on his experience as a physician, he would say that it could be possible that the increased damage to her ankle was caused by the plaintiff walking on the foot; that he had told her to stay off of her foot for a while. There is no assignment directed to the excessiveness of the verdict, and this testimony could only have the effect of enlarging the recovery. Under these circumstances, at least a majority of the court think that no reversible error is shown. M., K. & T. Ry. Co. v. Lynch, 40 Tex. Civ. App. 543, 90 S. W. 511; Higby v. Kirksey, 163 S. W. 315, by this court, writ of error refused. Furthermore, under cross-examination by counsel for the city, the plaintiff testified in regard to her family, especially as to her daughters. This assignment is overruled.

[2] While Dr. O'Reilly was testifying, he was asked the following question by counsel for plaintiff:

"State your opinion, Doctor, as to her ability in the future to walk and get about and do labor and work and such as that."

To which question the witness answered:

"Well, if it is permissible to give an experience in discharging— After I came from— Is it all right to quote this? We give disability on percentage basis. After I came from France, I was on duty at one of the army hospitals at Chicago, the largest one in the United States, where we were discharging men every day, and it was possible to give a man the percentage."

Counsel for defendant objected to the witness testifying as to the percentage of the disability of the plaintiff, but the court overruled the objection, and the witness further testified:

· "And the degree of disability, we learned to give it, whether the patient had 25, .50, or 75 per cent. degree of disability, and I would say from the standpoint of labor and the nature of the work that she had been doing that this would certainly amount to 75 per cent. disability."

Counsel for the city asked the court to instruct the jury not to consider this testimony because it was immaterial, irrelevant, and foreign to any issue in the case; but the mo-

tion was overruled, and the defendant excepted.

In Pocahontas Mining Co. v. Industrial Commission, 301 Ill. 462, 134 N. E. 160, the Supreme Court of Illinois said:

"We have frequently ruled that lay witness, or even an expert, cannot testify in direct terms that an injured employee has lost any stated per cent. of the use of an eye or a limb, etc. It is proper for an injured employee to testify how and in what manner his injuries affect him, to detail his ability to see or to use his injured parts, and his ability to work or to use his injured eyes or limbs, and in what manner such use affects him. It is proper for an expert to testify as to whether or not a man's vision is normal or otherwise and as to the amount or extent of his vision as disclosed by scientific tests or examination, and as to the amount of movability or apparent use he has of an injured limb, but he cannot answer in direct terms as to what per cent. of loss he has sustained in the use of an eye or of a limb, as such conclusion or finding must be made by the Commission from the legitimate evidence in the record."

We think that this testimony only tended to enlarge the recovery, if it did so, and there being no assignment directed to the excessiveness of the verdict and judgment, the assignment is overruled.

Propositions 6, 7, and 8 go to the action of the court in failing to give certain charges tendered by the defendant city, and in failing to sustain an exception to the pleading of plaintiff urged by the city. We have examined these assignments and conclude that they do not present error.

[3] The ninth and tenth propositions complain of the testimony of Dr. O'Reilly to the effect that he had not charged the plaintiff a penny, but that in his opinion $500 would be a very reasonable fee in such a case as this. He further testified that if a judgment was secured against the defendants, or either of them, he would expect his fee. We do not think that any error is shown in the admission of this testimony as to the reasonable fee, although the doctor had not charged such fee. The plaintiff below pleaded that she had contracted to pay her physician the sum of $750, which she alleged to be a reasonable fee or charge for the services rendered by him and still to be rendered. Reasonable medical expense is a proper measure of damages in personal injury cases, whether they are paid for or not. In Abbott's Trial Evidence, vol. 2, p. 1581, it is said:

"In an action for personal injuries evidence is admissible of the actual expense incurred by the plaintiff in procuring medical treatment. But it is not sufficient to prove the amount paid to or charged by the physician; it must be shown that the amount is the value of the service."

See Wheeler v. Tyler Ry. Co., 91 Tex. 356, 43 S. W. 876, by the Supreme Court.

The judgment below is affirmed.