## MOUILLE v. CITY OF PORT ARTHUR.

### No. 3990.

Court of Civil Appeals of Texas. Beaumont.

April 2, 1942.

Rehearing Denied April 22, 1942.

J. W. O'Neal, of Port Arthur, and Gaston H. Wilder, of Beaumont, for appellant.

B. T. McWhorter and Shivers & Keith, all of Port Arthur, for appellee.

O'QUINN, Justice.

Mouille sued the City of Port Arthur, a municipal corporation, to recover damages alleged to have been received by him in the course of his employment, as an employee of said city, and occasioned by the alleged negligence of said city, its agents and servants.

The defendant filed its verified plea in abatement based on a provision in the charter of said city, being Section 29 of Chapter XXIII, and which reads:

"Notice of Claim of Damages as Prerequisite to Suit."

"Before the City of Port Arthur shall become liable for damages personal injury of any kind, the person injured or the owner of the property injured or destroyed, or someone in his behalf, shall give to the City Commission notice in writing of such injury or destruction duly verified, within Sixty (60) days after the same has been sustained; stating in such written notice when, where and how the injury or destruction occurred; the apparent extent thereof; the amount of damages sustained; the amount for which the claimant will settle; the actual residence of such claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injury or destruction; and the names and the addresses of all witnesses upon whom he relies to establish his claim. No suit shall be maintainable on any of the causes of action herein set out for a period of sixty (60) days after the notice shall have been given to the City Commission, in compliance with this section, in order to enable the City Commission to investigate the merits of said claim and adjust the same without suit if deemed advisable so to do," and plead that the suit should be abated because same had been prematurely filed. Following this plea in abatement, and subject thereto, and not waiving same, the defendant, City of Port Arthur, answered by general demurrer and general denial. Other pleadings were filed but we do not deem it necessary to state or notice them.

In due course the cause came on for hearing, and the defendant urged its plea in abatement, which was sustained by the court, on the ground that notice had not been given in accordance with the charter provision, and plaintiff declining to amend, the court dismissed the suit to which plaintiff excepted, and brings this appeal.

The facts are: April 11, 1941, appellant filed this suit against appellee seeking to recover damages for personal injuries alleged to have been received by him on February 6, 1941, while in the course of his employment as an employee of appellee. In his petition he alleged: "Plaintiff represents that within sixty (60) days, namely, during the week beginning Monday, March 31st, the plaintiff served and caused to be served upon each of the Commissioners of the City of Port Arthur written notice, duly verified by his affidavit, of said injury as required by chapter 23, Sec. 29 of the Charter of the defendant, said written notice setting forth the extent of plaintiff's injuries, the cause thereof, place where it occurred, names of the witnesses who witnessed the accident which caused the injury, the amount he claims as damages and the amount he is willing to compromise or settle for; that the reason why the commissioners were not served as a body while the commission was in session is because the commissioners were scheduled to meet in the City of Port Arthur on Tuesday, April 1st, as it customarily did every week, but that for some reason over which the plaintiff had no control and about which he had no knowledge, the said commissioners did not meet on Tuesday, April 1st, and did not meet at any other time during said week, and for that reason each of the said commissioners were served separately with said written notice and again on Tuesday, April 8th, at its regular meeting of the commission of the defendant was duly served with notice as herein set forth of said injury in accordance with said charter at said regular meeting."

He further alleged: "In this connection plaintiff further represents that an agent, officer of the defendant, namely, the Superintendent of Public Parks, was present when said injury to plaintiff occurred and that from the time the injury occurred up to about the 25th day of March, A. D. 1941, the defendant paid to plaintiff 40% of his wages on account of said injury and the Aetna Life Insurance Company, which had issued a group policy on employees of the defendant, including plaintiff, paid 60% of said wages, all of which was well known to the defendant and its officers, agents and representatives and

the said defendant had full, ample and complete notice of plaintiff's said injuries, as to when and where and how the same happened and the names of the witnesses to said injury and the extent of the injuries in that the plaintiff was sent to and did go to a physician employed by defendant for treatment of his injuries and through said physician defendant knew or could have known of the character, nature and extent of said injuries and that the object of Chapter 23, Sec. 29 of the charter of defendant is for the purpose of giving the defendant notice of the injuries to its employees in order that the cause of the injury and extent thereof may be investigated and defendant had such notice and knowledge of said injuries without the written notice having been served upon its commission or commissioners as provided by its charter."

It is seen that, under the record, the only question for our decision is whether, considering the provision in the charter for giving notice of claim for damages for personal injuries, appellant complied with such provision, and the sustaining of defendant's plea of abatement for want of such compliance and the dismissal of plaintiff's suit was error.

We think the court erred in sustaining the plea in abatement and in dismissing the suit. The provision in the charter for giving notice of the injury does not prescribe the manner of giving notice. It simply says that "Before the City of Port Arthur shall become liable for damages for personal injury of any kind, the person injured * * * or someone in his behalf, shall give to the City Commission notice in writing of such injury * * * duly verified, within Sixty (60) days after the same has been sustained * * *." The accident happened on February 6, 1941, and the sixty days in which the charter required notice to be given would have expired April 7th. The record discloses that the commission did not meet regularly according to program. There was no meeting at its meeting date, on Tuesday, April 1st, nor at any other date in that week. Appellant was ready to serve notice on the commission but its failure to then meet kept him from serving notice on the commission in a body, and so he served each member of the commission that week separately, and when the commission did meet on its regular meeting date, April 8th, he then served them in session. He was evidently trying to so serve them earlier—within the sixty days.

■■■ The purpose of the notice required by the charter was to acquire for the city all the knowledge as to the accident causing the injury that could be reasonably had. The notice served personally on each member of the commission the week before the expiration of the sixty days gave them in writing exactly what the charter called for. They each and every one of them had just what, and all of it, they would have gotten if they had been served as a body on April 1st had they been in session and that would have been within the sixty days, and in full compliance with the contention of appellee. Moreover, the record discloses that the city was in full possession of all the facts as to how, when and where the accident happened, its Superintendent of Parks, under whom appellant was working at the time of the accident, being present, and thus knowing of all the witnesses who saw the accident, and also having first hand knowledge of the result of the accident. Considering all the facts it appears without dispute that the city suffered no loss or inconvenience by reason of the notice not having, in the first instance, been given to the commission in a body. They were each and all served individually with the full notice of all the facts required by the charter provision, and within the time provided, and so the purpose of the provision was fully met. Jones v. City of Fort Worth, Tex.Com.App., 267 S.W. 681.

The cited case had a rather prolonged and somewhat peculiar history, however it is decisive of this case. There Mrs. Jones while passing over a public street in the City of Fort Worth in front of a Piggly Wiggly store, stepped into a hole on the sidewalk and received considerable damages. She brought suit against the city, and the cause was tried to a jury on special issues which were answered in favor of the plaintiff, and judgment rendered for plaintiff. The charter of the city of Fort Worth, chapter 13, Sec. 4, provided:

"The city of Fort Worth shall not be held to liability for and on account of any damage or injury of any kind whatsoever to persons or property unless the person claiming the same, or his agent or attorney, shall, within thirty days after such injury or damage has been sustained, serve

notice in writing upon the board of commissioners, giving the day and date, the time and place where such injury or damages occurred, and the nature and character of the injury."

The attorneys for the plaintiff addressed a letter to the Commissioner of Streets at the City Hall for the City advising him of the occurrence, and of her serious injury, and inquiring: "Will you please be good enough to advise us as early as possible what is the policy of the city towards such unfortunate occurrences as this, and if we may expect a settlement for Mrs. Jones without having to resort to the courts." After considerable delay the letter reached the City Claim Agent, and upon searching the records no notice was found to have been filed as required by the ordinance above quoted from, it was concluded that notice to the Commissioner of Streets to whom the letter from the attorneys of Mrs. Jones was addressed was no notice to the Commission, and the claim was rejected. It was admitted that the writing of the letter by Mrs. Jones' attorneys was all the notice given. Objection was made by the defendant to the introduction of this letter on the trial on the ground that said letter did not constitute notice to the City of Fort Worth as provided in its charter. The Court of Civil Appeals reversed the judgment and then rendered judgment for appellant, the City of Fort Worth. City of Fort Worth v. Jones, 249 S.W. 296. Motion for rehearing was overruled. Writ of error was granted, and upon hearing of the cause the Supreme Court, speaking through Judge Hamilton of the Commission of Appeals, after a full discussion of all questions relating to the serving of notice on the Fort Worth Commission, reversed the judgment of the Court of Civil Appeals and affirmed the judgment of the trial court. Jones v. City of Fort Worth, 267 S.W. 681. On motion for rehearing, the Supreme Court granted the motion and reversed and remanded the case, but only for the purpose of having the Court of Civil Appeals to consider and determine certain issues not before passed upon by it. After again considering the question of the sufficiency of the notice given, and before held sufficient, the Commission of Appeals of Texas, 270 S.W. 1002, held the notice sufficient. Application was then made for writ of error, which was granted with directions on assignments not previously determined. The judgment was affirmed by the Court of Civil Appeals, 278 S.W. 871. Application for writ of error was dismissed. (In note under syllabus.)

We fail to find where this decision has ever been criticised, qualified, or overruled. It controls this case.

The judgment of the trial court sustaining the plea in abatement and dismissing plaintiff's suit, is reversed and the cause remanded for trial on the merits.

Reversed and cause remanded.